WILLIAM D. CHAPIN AND OTHERS vs. FRANCIS FELLOWES, JR., ADMINISTRATOR.

A policy of insurance on the life of a husband, issued upon the application of the wife, was made payable to the wife for her sole use, and in case of her death before her husband's to be paid to her children. She died before her husband leaving children. After her death the husband surrendered the policy and took out another for the same amount in his own name and for his own sole benefit, the new policy being upon the same premium and dated back so as to be of the same date with the other. After paying one year's premium on the new policy the husband died insolvent. Held that in equity the substituted policy belonged to the children, and that they and not the creditors of the husband were entitled to the insurance money.

AMICABLE SUBMISSION to the Superior Court in Hartford county, on the following agreed statement of facts :

On the 20th of January, 1848, Sarah W. Chapin, of the city of New York, wife of Humiston Chapin, made a written application to the Connecticut Mutual Life Insurance Company, of Hartford, Connecticut, for a policy of insurance upon the life of her husband, then about thirty-five years of age, in the sum of $3,000, for the whole term of his life. On this application the insurance company issued a policy, being No. 798, bearing date the 21st day of January, 1848, whereby, in

consideration of the representations made in the application, and of $82.50 in the policy acknowledged to have been paid by the said Sarah, and of the annual premium of $82.50 to be paid on or before the 21st day of January in every year, they assured the life of said Humiston for the sole use of the said Sarah, in the sum of $3,000, for the term of the life of the said Humiston ; which sum of $3,000, after deducting therefrom premium notes unpaid, the company by the policy agreed to pay to said Sarah, her executors and assigns, for her sole use, within ninety days after due notice and proof of the death of the said Humiston, and in the event of her decease before his, to pay said sum to her children for their use, or to their guardian if they should at that time be minors.

In February, 1861, the said Sarah deceased, leaving four children of herself and the said Humiston, who are the plaintiffs in the present case. No administrator was ever appointed on the estate of said Sarah, and no guardian for the children was appointed during the life of said Humiston.

The annual premium on the policy was paid on the 21st day of January in every year, down to and including the year 1863, for which last named year the premium was paid on the 21st day of January. On the 24th day of January, 1863, without the knowledge or consent of the plaintiffs, the policy of insurance was surrendered to the company by the said Humiston, and the company issued a policy to him, bearing the same date, January 21st, 1848, the same number, 798, for the same amount, $3,000, for the whole term of the life of the said Humiston, and for the same annual premium, and indorsed upon the application of the said Sarah the words " changed to himself, " and also inserted in their index book under the registry of the policy the same words, and erased in the registry the name of the said Sarah, and inserted that of said Humiston. No premium for the year 1863 was in fact paid except that mentioned above.

On the 23d day of December, 1864, the said Humiston died intestate and insolvent, and Francis Fellowes, Jr., was duly appointed by the court of probate for the district of Hartford, administrator of his estate. The company has paid to said

Fellowes, as such administrator, in full discharge of the insurance, the sum of $2,983.85, and said Fellowes, after paying a certain lien thereon, and certain preferred debts, has now remaining in his hands the sum of $2,156.26. Claims against the estate of said Humiston to the amount of $10,042, have been legally presented and allowed, and are wholly unpaid.

The creditors of said Humiston claim the fund in the hands of the administrator, and the children of said Sarah claim the same, and the question which party is legally or equitably entitled to it is submitted to the court.

The case was reserved upon these facts for the advice of this court.

*F. Fellowes*, for the plaintiffs.

*Hamersley*, for the defendant.

HINMAN, C. J. In the case of *The Connecticut Mutual Life Ins. Co.* v. *Burroughs and others*, 34 Conn. R., 305, we held that a policy of insurance on the life of a husband, payable to the wife for her sole use, and in case of her death before her husband's to be paid to her children, was not assignable by her so as to defeat the interest of her children which subsequently to such assignment became absolute by the death of their mother and the death of the husband. The plain reason for the decision is, that as the charter of the insurance company and the statutes of the state authorized such insurance contracts for the purpose of making some provision for the family in case of the husband's death, and as the interest of the wife was wholly contingent on her surviving her husband, and as she could of course convey no greater interest in the policy than she had herself in it, and as her interest expired by her death previous to that of her husband, by the very terms of the contract itself it immediately became payable to her children, and was so payable at the time it became due by the death of the husband. If there is any difference or distinction between that case and this in respect to the equitable rights of the children as against the

creditors of the husband, (for creditors of the husbands claimed the avails of the policies in both cases,) it does not appear to us to be in favor of those creditors in the case under consideration.

And this indeed would seem to be the view of the counsel for the creditors in this. case, since it is not claimed that the husband had any power to destroy the vested interest of the children by surrendering up the policy to the company after the death of his wife, but that, as he was under no obligation to go on paying the premiums in order to prevent a forfeiture, he became liable to the children, on surrendering it and taking a new policy for his own benefit, only for the cash value of the policy at the time, and that that cash value, with perhaps interest upon it, is all that is now equitably due to the children out of the avails of the new policy that he took in his own name and for his own benefit.

It may be true that as guardian of the children he might have had power to sell the policy to the company for the benefit of the children, and hold himself accountable to them for the avails.  But he did not assume or attempt to do this. His object rather was to deprive the children of any benefit they were entitled to under or by reason of it, and to take the benefit wholly to himself in the shape of a new policy of the same tenor and date as the former one, and like it in all respects, except that his own name as sole payee, for whose use alone the new policy appears on its face to be issued, is substituted for that of his wife and children.  It was an attempt, therefore, to renew the old policy for his own benefit, making it what it would have been had it in fact been so issued at the time the policy was made to his wife; and he, therefore, instead of holding the cash value of the policy for the benefit of his children, undertook to destroy their whole interest in it and take it to himself.  The cash value of the children's interest therefore went into and became the consideration upon which the new policy was issued to himself. They therefore may well be held to have paid for the new policy, and the premiums thereafter paid upon it were precisely what would have been paid upon the policy to his wife

had that been kept alive. The obvious object of the transaction was therefore to retain the old policy as a subsisting operative instrument, with the substitution of his own name as payee for that of his wife and children. But he had no power to make any such substitution, and we think a court of equity ought to treat the substituted policy as in fact belonging to the children, and the premiums paid upon it as paid under those provisions of the charter and of the statute which authorize a husband to insure his own life for the benefit of his wife and children.

We therefore advise the Superior Court to decree the avails of the policy, subject to all legal deductions, to the children of Mrs. Chapin.

In this opinion the other judges concurred.