No. 10,404.

## WILBURN v. WILBURN ET AL.

LIFE INSURANCE.—*Policy on Husband's Life for Heirs.—Widow and Children Beneficiaries.—Heirs.—Distribution.*—Where the holder of policies of life insurance, payable to his legal heirs, dies, leaving his third wife his widow, and children by each wife surviving, the widow, although an heir, is not the superior or the inferior of her joint beneficiaries, but their equal.

SAME.—Where a benefit is granted to several, and their respective proportions are not specified, the beneficiaries take equally.

SAME.—A policy of life insurance is the property of the beneficiary from the day of its issue.

From the Spencer Circuit Court.

*D. T. Laird,* for appellant.

*H. M. Logsdon* and *H. Kramer,* for appellees.

ELLIOTT, J.—John A. Wilburn took out two policies of insurance upon his life for the benefit of, and payable to, his legal heirs, and some years after the policies were issued he died, leaving surviving him his widow, the appellant, and his children, the appellees. Appellant was the third wife of the deceased and had borne him four children. Of his other children, five were by the first, and two by the second wife.

The contest is over the distribution of the money realized from the policies, the widow demanding one-third, and the appellees resisting this demand, but conceding a right to one-twelfth.

Counsel for appellant contends that the policies of insurance were the absolute property of the deceased during life, and that

they are, therefore, to be in all respects regarded as such and subject to the ordinary rules of distribution. The assumption upon which this argument rests is an erroneous one. Policies of insurance payable to designated beneficiaries are not the property of the decedent within the meaning of the statutes of distribution. The beneficiaries have the exclusive right to the money realized; the executor or administrator is not entitled to it, and it can not, therefore, be regarded as property of a decedent subject to distribution under the statute. In truth, the policy is not the property of the insured in any sense, but is the property of the beneficiary from the day of its issue, for from that time he has the whole beneficial interest. *Pence* v. *Makepeace*, 65 Ind. 345. He alone has the right to assign or surrender it. *Ruppert* v. *Union, etc., Ins. Co.,* 7 Robertson, 155; *Chapin* v. *Fellowes*, 36 Conn. '132 (5 Am. R. 49).

The right of the beneficiaries in the policies taken out by the deceased is such as the contract confers, and is not a right arising by operation of statutory rules. The contract and not the statute fixes their rights, and they have such rights only as the contract of insurance vests in them. We are, therefore, to look to the terms of the agreement, and not to the provisions of the statute, to ascertain the rights of the parties.

We do not find it necessary to discuss or decide whether the appellant can be properly regarded as one of the legal heirs of the insured, because that is expressly conceded by the appellees. Proceeding upon this concession and not enquiring whether it is, or is not, one which appellees were bound to make, we hold that her rights are measured by the provisions of the policies. Regarding her as an heir supplies no reason for preferring her to other heirs. Her rights as an heir are such as the contract confers, and that makes no discrimination in her favor, for its provisions secure the benefit to the heirs in common. All the heirs are to share alike in the benefit secured to them by the policies, and no one of

them has a claim to superiority.   The appellant is one of several to whom a benefit has been granted, and she is neither the inferior nor the superior of her joint beneficiaries, but is their equal.   Where a benefit is granted to several and their respective proportions are not specified, the beneficiaries take equally.   *Crockett* v. *Crockett*, 2 Phillips, 553 ; *Allen* v. *Hoyt*, 5 Met. 324.

Judgment affirmed.