W. D. PADEN, ADMINISTRATOR, V. MARY AND KATE BRISCOE.

No. 7072.

1. **Presumption of Survivorship.** — The common law does not indulge in any presumption of survivorship or death by reason of age or sex when two or more persons are lost in a common disaster. It leaves the ascertainment of the time of death to be gathered, like any other fact, from pertinent evidence introduced for this purpose.

2. **Findings of Fact by the Court.**—In the absence of a statement of facts the presumption must be indulged in that the court heard evidence upon the issues found, and that his findings are correct results warranted by the evidence. The finding that a husband and wife died at the same instant is not negatived by a further finding that no one saw or was present at their death.

3. **Policy of Insurance Payable to Wife.**—The policies were payable to the wife of the insured. The rules of the order granting the certificate or policy provided: "Should the beneficiaries named die before the named member * * * the benefit shall be paid to the heirs of the deceased member dependent upon him." It is evidently meant that the beneficiary must be dead and incapable of taking at the death

of the named member before the heirs, etc., should take. The instantaneous death of both the member and his wife accomplished the inability of the wife to take as beneficiary.

APPEAL from Milam. Tried below before Hon. John N. Henderson. The opinion states the case.

*W. T. Heffley* and *W. D. Wallace*, for appellant.—1. Appellant's suit being upon (contract) certificates of insurance unconditional upon their face, payable at the death of John F. Briscoe to his wife Louella Briscoe, the death of John F. Briscoe being admitted, the right and title to the proceeds of said certificates become perfected and payable to Louella Briscoe, the beneficiary named in said certificates. Splawn v. Chew, 60 Texas, 536; Thomas v. Leake, 67 Texas, 469; 2 Am. and Eng. Encyc. of Law, 162.

2. The certificates being unconditional on their face, any condition of fact or law that would avoid or make them defeasible must be pleaded and proved by any one seeking to defeat or avoid the same, or acquire any right on account of such condition.

3. Appellees Mary and Kate Briscoe having pleaded that Louella Briscoe died before John F. Briscoe died, that being the only condition upon which they would derive any right to the fund as dependent heirs of John F. Briscoe, they must prove it, and having failed judgment should have been for appellant. Newell v. Nichols, 31 Am. Rep., 424; Cowman v. Rogers, 21 Atl. Rep., 64.

4. The court having found that John F. Briscoe and Louella Briscoe both died in the same room by being burned in a fire which consumed the hotel in which they were, both dying in the same catastrophe, and no one having witnessed their death, there is no legal presumption that they died at the same instant of time.

*Ford & Ford*, for appellees.—1. Until the death of Briscoe, the member, Mrs. Briscoe, the beneficiary, had no vested interest in the certificate; all she had was mere expectancy, and "this expectancy is not property." Unless, therefore, he died first she never acquired any interest in the certificate, and the appellant, her representative, has no cause of action. Splawn v. Chew, 60 Texas, 534; Masonic Mut. v. Burkhart, 110 Ind., 189; 10 N. E. Rep., 81; 11 N. E. Rep., 449; Union Mut. v. Montgomery, 14 W. Rep.; 880; Bacon on Ben. Soc., sec. 289; 2 Am. and Eng. Encyc. of Law, 177.

2. If the beneficiary Mrs. Louella Briscoe did not survive the member J. F. Briscoe, her representatives have no interest in the benefit, even though J. F. Briscoe, the member, died without making another nomination. Masonic Mut. v. McAnly, 2 Mackey (D. C.), 70; 2 Am. and Eng. Encyc. of Law, 177, citing Exp. Aid Soc. v. Lewis, 9 Mo., 415.

3. The designation of a beneficiary by a member of a benefit society is an act testamentary in its character, and the same rules of construction apply as in the case of bequests by wills. Thomas v. Leake, 67 Texas, 471; Washington, etc., v. Wood, 4 Mackey, 19; 54 Am. Rep., 251; Union Mut. v. Montgomery, 38 N. W. Rep., 588; 14 W. Rep., 880; Bacon on Ben. Soc., sec. 291.

4. As in the case of testamentary writings, unless the legatee survives the testator the legacy is extinguished and the administrator of the legatee can not demand it. So, in case of the designation of a beneficiary in these benefit certificates, unless the beneficiary survive the member the benefit is extinguished and the administrator can not demand it; and if the testator and legatee or member and the beneficiary die at the same instant of time in a calamity common to both, there can be no survivorship in the case, and the right to the legacy under the will or to the benefit under the certificate would in either case be extinguished.

5. The language of the by-law of the association is as follows: "Should all the beneficiaries die before the decease of a member * * * the benefit shall be paid to the heirs of the deceased member dependent upon him;" the meaning and correct conception of which is this: "Should the beneficiary not survive the member," or "should the beneficiary by reason of death be unable to receive the benefit," or "should his right to take the benefit be extinguished by death," then the benefit shall be paid to the heirs of the deceased member dependent upon him. Because:

(1) This construction carries out the object of the by-law, the evident purpose of which was to direct what person should receive the benefit in case the beneficiary should be prevented by death from doing so.

(2) This construction comes at the evident purpose of the member in making the contract, namely, to provide for his heirs dependent upon him in case the beneficiary could not take.

(3) As the court said in Masonic Mutual Association v. McAnly, 2 Mackey, 70: "It is not to be supposed that this association was organized and sustained by its members for the purpose of benefiting the relatives of their widows."

(4) These by-laws and the contracts of insurance made under them are to be liberally construed to carry out the benevolent purposes of the association. Bacon on Ben. Soc., sec. 178.

FISHER, JUDGE, *Section B.*—This suit was instituted by appellant as administrator of the estate of Louella Briscoe, deceased, against the Supreme Lodge Knights and Ladies of Honor, a mutual benefit life insurance company, and Leonard Isaacs, administrator of the estate of John F. Briscoe, deceased, upon two relief fund certificates or policies issued and delivered to John F. Briscoe May 1, 1884.

Appellant among other things alleges that his intestate Louella Briscoe was the wife of John F. Briscoe, and that John F. Briscoe died on June 4, 1888, and that his intestate was named as beneficiary in the certificates or policies, and that Leonard Isaacs was asserting some pretended claim to said policies.

The defendant Supreme Lodge Knights and Ladies of Honor answered and admitted its liability on the policies sued on, and brought the money into court subject to the result of the litigation between the parties.   On November 19, 1888, the appellees intervened in the case, claiming the policies and funds arising therefrom as the mother and sister of John F. Briscoe, being his sole heirs dependent upon him, and that the beneficiary named in said policies (Louella Briscoe) died before her husband or at the same time he died, and that by virtue of the laws of the association they were entitled to the proceeds of the policies.   Appellant filed a general denial to the plea of intervention.

The case was tried before the court without a jury, and judgment was rendered in favor of intervenors against all the other parties to the suit for $2000, the amount of such certificates or policies.

The case is here upon the conclusions of law and fact found by the court, substantially as follows:

"The defendant the Knights and Ladies of Honor, an incorporated company under the laws of this State, admitted its liabilities and deposited in court $2000, the amount of the policies, and asked that the court relieve it of further liability in the premises, and that the right to the fund be adjudicated between the parties without cost to it.

"That John F. Briscoe was a member of Pearl Lodge Knights and Ladies of Honor, Rockdale, Texas, and that during his lifetime and while a member of said lodge he procured two benefit policies of insurance upon his life for the benefit of his wife Louella Briscoe, said policies in terms as follows:  'This certificate issued by Supreme Lodge Knights and Ladies of Honor, witnesseth:   That John F. Briscoe, a member of Pearl Lodge No. 32 of said order, located at Rockdale, in the State of Texas, is entitled to all the rights and privileges of membership in the order of Knights and Ladies of Honor, and to participate in the relief fund of the order to the amount of $1000, which sum shall at his death be paid to his wife Louella Briscoe.  This certificate is issued upon the express condition that said John F. Briscoe shall in every particular while a member of said order comply with all the laws, rules, and requirements thereof.'  [Signed by the supreme protector, John T. Milburn, May 1, 1884.]   No. 21,781, class A.   No. 4539, class B, is substantially the same.

"That said Knights and Ladies of Honor had as parts of its Constitution, rules, and by-laws governing its members and entering into its benefit policies the following, to-wit, from its charter:

" 'Section 1.    The corporate name of this association shall be Supreme Lodge Knights and Ladies of Honor, and be capable in law of suing and being sued, and owning property, instituting grand and subordinate lodges under such laws, rules, and regulations as the corporation has enacted or may enact not in conflict with the laws of this State and the United States.

" 'Sec. 2.    The object of the corporation shall be to unite fraternally all acceptable white persons, male and female; to give all possible moral and material aid in its power to its members and those depending on its members by holding moral, instructive, and scientific lectures, by encouraging each other in business, and by assisting each other to obtain employment; to care for the sick and distressed, and to promote benevolence and charity by establishing a relief fund by contributions from members of the order of Knights and Ladies of Honor, from which upon satisfactory evidence of the death of a member of said order who is a contributor to the said fund at the time of his death, and who has complied with its lawful requirements, a sum not exceeding $5000 shall be paid to such member, or members of his or her family, person or persons, dependent on or related to him or her, as he or she may have directed; to provide for creating a fund for the relief of sick and distressed members, and to ameliorate the conditions of humanity in every possible manner.'

"From the Constitution, article 2—Objects of the Order:

" 'Section 2.    To give all possible moral and material aid in its power to its members and those dependent on its members by holding moral, instructive, and scientific lectures, to encourage in business, and to assist each other to obtain employment.

" 'Sec. 3.    To promote benevolence and charity by establishing a relief fund from which, on satisfactory evidence of the death of a member of the corporation who has complied with all its lawful requirements, a sum not exceeding $5000 shall be paid to their family, person, or persons dependent on or related to them, as they may direct. When the death notice of a member of the relief fund has been approved by the supreme medical examiner he shall draw a warrant on the supreme treasurer for the amount due.    The warrant shall be made payable to the beneficiaries named in the relief fund certificate of the deceased member.    Warrants to pay death benefits shall be made payable to the beneficiaries named in relief fund certificates.    The lodge secretary delivering the warrant shall require the beneficiary or person lawfully entitled to receive it to give proper receipt.'

"That said policies on their face were made payable to Louella Briscoe, wife of John F. Briscoe, at his death, she being the sole beneficiary named in said policies.    That one of the by-laws entering into said contracts of assurance is as follows:    'Should all the beneficiaries named die before the decease of a member, and no other or further dis-

position be made thereof, the benefit shall be paid to the heirs of the deceased member dependent on him or her, and if no person or persons are entitled to receive such benefit then it shall revert to the relief fund of said Knights and Ladies of Honor.' No further or other disposition was ever made of said policies than as therein named during the lifetime of said John F. Briscoe; that John F. Briscoe and wife Louella Briscoe are both dead; that they died at the same instant of time, in the same room, by being burned in a fire which consumed the Mundine Hotel on the morning of the 4th of June, 1888. No one witnessed their death. John F. Briscoe and Louella Briscoe left no children. John F. Briscoe left his mother, Mary Briscoe, and Kate Briscoe, sister, residents of Indiana, the only heirs dependent on him for support; and that they (the intervenors) were his only heirs; and that the Knights and Ladies of Honor is a mutual benefit association, and the members thereof have a right to change the beneficiaries named in the policies and to name another.''

The conclusions of law are, ''that Leonard Isaacs, administrator of the estate of John F. Briscoe, take nothing by his suit, and the same result as to the appellant, and that the intervenors Mary and Kate Briscoe are entitled to recover against all the parties the fund of $2000, in the custody of the court, the proceeds of said policies.''

Appellant's assignment of errors contends that the court erred in finding that John F. Briscoe and Louella Briscoe died at the same instant of time; and further contends, that the court erred in not rendering judgment for appellant, as the findings of fact show that Louella Briscoe, the named beneficiary, did not die before her husband John F. Briscoe, and that her dying before her husband was the only contingency that would vest the title to the fund in appellees.

The common law does not indulge in any presumptions of survivorship or death by reason of age or sex when two or more are lost in a common disaster. It leaves the ascertainment of the time of death to be gathered, like any other fact, by pertinent evidence introduced for that purpose. This case is here without a statement of facts, and having no presumptions to aid us we must conclude that the findings of the court that John F. and Louella Briscoe died at the same instant of time are correct. The finding of the court that no one witnessed the death of the parties does not necessarily negative the possibility or probability that they both died at the same time, and that facts and circumstances were introduced in evidence that would authorize the court to so find. In the absence of a statement of facts the presumption must be indulged that the court heard evidence upon this issue, and that his findings are correct results warranted by the evidence.

In order to divert the fund from the direction named by the husband it devolved upon the intervenors to establish by evidence the existence of the contingency that would accomplish such purpose. The court

below finds that the wife, the beneficiary named by the husband, did not die before her husband, but died at the same instant. The result of this finding is that the beneficiary named at the time the policy was earned by the death of the husband did not survive him and was incapable of taking the proceeds of the policies. The purpose of this contract of insurance entered into by the husband and the association was to provide a fund for his wife payable at his death, and in the event she was incapable of taking by reason of her death then those heirs of the husband dependent upon him should take. These are plain provisions of the rules and by-laws of the association that enter into and form a part of the contract of insurance. The use of the words "die before" in the contract of insurance was evidently intended to mean that the beneficiary named must be dead and incapable of taking at the time the policy was earned by reason of the death of the husband. The instantaneous death of both the husband and wife successfully accomplished the inability of the wife to take as if she had died before. The court below finds that the intervenors are the heirs of John F. Briscoe and were dependent upon him at his death. The contingency having occurred that would vest the property in his heirs dependent upon him, the court correctly rendered judgment in favor of appellees.

We conclude the case should be affirmed, and so report it.

*Affirmed.*

Adopted June 23, 1891.

*W. D. Heffley* and *D. D. Wallace,* for appellant, argued a motion for rehearing.

The motion was transferred to Tyler Term and there refused.