Solomon Males et al. v. Sovereign Camp Woodmen of the World et al.

Decided October 18, 1902.

**1.—Life Insurance—Beneficiaries—Simultaneous Death—Presumption of Survivorship.**

In the case of parties perishing together in a common disaster, or to the particulars of which there is no evidence, there is not at the common law obtaining here, as there is in the civil law, any presumption of survivorship based upon the circumstances of age and sex.

**2.—Same—Change of Beneficiary—Vested Interest.**

Where an insurance policy issued by a fraternal benefit order reserves the right to change the beneficiary, no vested interest is conferred upon the beneficiary named, as in case of an ordinary life insurance policy.

**3.—Same—Benefit Certificate—Death—Burden of Proof.**

Where a benefit certificate, issued by a fraternal order whose object was to provide a fund for the benefit of a particular class of person, viz., the wife, children, parents or other blood relatives, and made payable to the wife of the insured, provided that in case of the death of the named beneficiary before that of the insured the fund should, in the absence of a new designation by the insured, be paid to his relatives in the order just stated, the parents are entitled to the fund as against the legal representatives of the wife, where the insured, his wife and their children all perished together in the great Galveston storm, and there was no evidence as to any one of them surviving the others,—the burden of proof being on the representatives of the wife to show that she survived the husband.

**4.—Same—Attorney Fees.**

Where the action was on a benefit insurance certificate by parties claiming as beneficiaries, and the insurer impleaded other parties asserting a claim, there was no authority for the court to allow attorney fees to the impleading party.

Appeal from the District Court of Tarrant County. Tried below before Hon. M. E. Smith.

*McLean, Booth & Morton,* for appellant.

*W. R. Parker* and *Maco Stewart,* for appellees.

CONNER, Chief Justice.—This action was brought by Solomon Males and wife against appellee, the Sovereign Camp Woodmen of the World, to recover the sum of $1500, alleged to be due upon a certain benefit certificate or policy of insurance issued by said appellee upon the life of Oliver M. Males, payable on its face to his wife, Helen M. Males. Appellants claim the amount sued for as the father and mother of said Oliver M. Males, under the terms of the policy of insurance. They do not claim as heirs, but as beneficiaries within the terms of the contract of insurance. The defendant company interpleaded Minor Stewart and Catherine Slagg, administrator and administratrix of the estate of Helen M. Males, and these parties by cross-bill prayed for judgment against appellants and the order named for the amount due on said certificate.

The case was submitted to the court without a jury, and judgment was rendered for the administrator and administratrix for said sum of $1500, less the sum of $125, which was adjudged by the court in favor of the defendant company as attorney's fees. No exception has been taken to the facts as specially agreed to, and as stated in the court's findings of fact, and they are therefore adopted by us as found in the record in toto. We, however, here state such facts only as are deemed necessary to illustrate the conclusion to which we have come.

The insured, Oliver M. Males, together with his wife, Helen M. Males, and their two children perished in the great storm on Galveston Island on the 8th day of September, 1900. Beyond the fact that the entire family perished in the storm, nothing was proven upon the trial in the court below about their deaths. No evidence was introduced, and none was attainable as to which one, if any, of said family survived the others.

The constitution, laws and by-laws of the defendant Woodmen of the World were made a part of the contract of insurance sued upon, and among other things included the following by-law: "Sec. 3. The object of the order shall be to combine white male persons of sound mind, bodily health, exemplary habits, and good moral character, between the ages of eighteen and fifty-two years, into a secret, fraternal, beneficiary, and benevolent order; provide funds for their relief; comfort the sick and cheer the unfortunate by attentive administrations in times of sorrow and distress; promote fraternal love and unity; create a fund from which, on reasonable and satisfactory proof of the death of a beneficiary member, who has complied with all the requirements of the order, there shall be paid a sum not to exceed three thousand ($3000) dollars to the person or persons named in his certificate as beneficiary, or beneficiaries, which said beneficiary or beneficiaries shall be his wife, children, parents, brothers, sisters, or other blood relations, or to persons dependent on the member, from which there shall be erected a tombstone or monument at the grave of every such deceased member, and from which there shall be paid benefits to its members on account of total permanent physical disability resulting from old age.

"The name, or the names, of the beneficiary or beneficiaries shall be written in every beneficiary certificate issued. In case such benefits are payable to one of the relations named herein, who shall, at the time of the death of a member, be also deceased and no new designation has been made as hereinafter provided during life, the benefits shall be due and payable to the next living blood relation in the order named in this section; if there be no such relatives surviving, then said benefits shall be forfeited and to remain in the beneficiary fund."

Helen M. Males, as previously stated, was the beneficiary named in the contract of insurance, and the contract provided that she should be entitled to the amount due on the certificate at the death of the said Oliver M. Males. There was no evidence showing that any other desig-

nation was made during the lifetime of said Oliver M. Males, the power to do which, however, was clearly conferred upon him.

The trial court concluded, as matter of law, that to entitle appellants to recover the burden was upon them to show that Helen M. Males died at the same time or before the insured Oliver M. Males, and that, inasmuch as no such proof was offered, the appellees Minor Stewart and Catherine Slagg, as administrator and administratrix, were entitled to recover the amount found by the court to be due as adjudged. To these findings the assignments of error are directed.

. The case presented has not been without difficulty, and the authorities are conflicting. If Helen M. Males survived her husband but for an instant, it is clear that her legal representatives herein suing are entitled to recover, as in such event the right to the proceeds of the certificate involved became vested in her. If on the contrary, however, she and her children predeceased her husband, Oliver M. Males, or died at the same time, then appellants, the father and mother of Oliver M. Males, are entitled to recover by virtue of the terms of the certificate as enlarged by the by-law above quoted. There being no proof, actual or attainable, as to which one or ones of the family named first died, nor that their deaths were simultaneous, we appreciate the force and apparent wisdom of the civil law which in such cases indulged presumptions based on circumstances of age and sex which ordinarily best indicate power to prolong life in any great catastrophe. But without entering into the merits of the different rules (a full discussion of which may be found in the note given in 51 Lawyers' Reports, Annotated, page 863), it seems settled with us that we can not consider the circumstances of age and sex as any evidence of priority in the death of Oliver M. Males, his wife, or children. Cook v. Caswell, 81 Texas, 678; Paden v. Brisco, 81 Texas, 563; Hildebrant v. Ames, 27 Texas Civ. App., 377, 66 S. W. Rep., 128.

The rule in this State is thus stated in Paden v. Brisco, supra: "The common law does not indulge in any presumptions of survivorship or death by reason of age or sex when two or more are lost in a common disaster." And in Hildebrant v. Ames, supra, the court say: "The common law * * * refused to indulge in any presumption either of survivorship or of the simultaneous death of persons who perish in a common disaster, and applied to this class of cases the general rule that courts will not change the existing status or possession of property except upon adequate proof of facts authorizing such change." As we have seen, the trial court concluded in effect that, inasmuch as Helen M. Males was named as the beneficiary in the policy in question, the burden of proof to displace her legal representatives rested upon appellants to show that she died either prior to or simultaneously with her husband, and appellants having offered no such proof, that they must fail in their action. This then becomes the important and difficult question for solution, viz., upon whom rests the burden of proof?

. Appellees cite many cases as supporting the conclusion of the court,

among which the cases of Cowman v. Rogers, of the Maryland Court of
Appeals, published in 21 Atlantic Reporter, 64, Lawyers' Reports An-
notated, book 10, p. 550, and Faul v. Hulick, 29 Washington Law Re-
porter, 171, are perhaps principally relied upon. In the latter case, in
an interesting and able opinion by Mr. Justice Shepard of the Court
of Appeals of the District of Colombia, it was held that the burden of
proof was upon a residuary legatee in the will of a Mrs. Rhodes to show
that her son, who, together with the mother, was shown to have been
lost in a common disaster at sea, and who had been first named as bene-
ficiary, predeceased Mrs. Rhodes. The disposition of that case, how-
ever, seems to have been controlled by the terms of the particular will
under consideration. The case of Cowman v. Rogers, supra, is perhaps
more closely in point, and seems clearly to support the contention of
appellees. In that case the insured and the beneficiary named in a
benefit certificate both lost their lives in the Johnstown flood. No
proof existed as to which survived the other, but it was held that the
burden of proof was upon one claiming adversely to the legal repre-
sentative of the named beneficiary to show that the beneficiary died
before the insured.

To these cases may also be added the recent case of the United
States Casualty Company v. Kacer, 69 Southwestern Reporter, 370, by
the Supreme Court of Missouri. In that case Harry C. Yocum of St.
Louis took out two accident policies in the casualty company named,
each of which in terms was made payable to "Miss Florence Yocum,
daughter, if surviving; if not, to the legal representatives of the in-
sured." Harry C. Yocum and the daughter named with others were
lost in a common disaster in the Gulf of Mexico, it not appearing which
of the parties survived the other. The court held that the legal repre-
sentatives of the daughter were entitled to recover the proceeds of the
policies stated rather than the legal representatives of the father, the
insured. This, however, was upon the express ground that by the issu-
ance of the policies Florence C. Yocum acquired a vested interest
which before displacement devolved the burden of proof upon the legal
representatives of Harry C. Yocum to show that the daughter, Flor-
ence, predeceased him. This distinction is an important one, and per-
haps explains some of the apparently conflicting cases. It is particu-
larly important in that where policies of insurance, as in the case
before us, reserve the right to change the beneficiary, no vested in-
terest is conferred upon the beneficiary named as in the case of an
ordinary life insurance policy. Splawn v. Chew, 60 Texas, 532.
We hence find that the Court of Appeals at St. Louis, in the case of
Supreme Council of Royal Arcanum v. Kacer, 69 Southwestern Re-
porter, 671, in a contest over the proceeds of a certificate of similar im-
port to the one we have under consideration, held, upon the same facts
as to the death of the parties as was shown in United States Casualty
Company v. Kacer, supra, that the burden of proof was upon the legal
representatives of Florence Yocum, who was the named beneficiary, to

show that she survived her father, the insured, and failing in which the proceeds should go as provided in the by-laws of the beneficiary organization issuing the certificate.

The following quotation from that opinion seems appropriate here: "The controlling question in the present case, then, is, did the certificate issued on the life of Mr. Yocum for the benefit of his daughter vest any present interest or right in her during his life which passed to her administrator? It vested nothing either in possession or interest, but gave her only a chance or possibility, liable to be defeated at any time while her father lived by his selecting another beneficiary. Persons named as the recipients of the bounty provided for in certificates of insurance in fraternal orders are commonly subject to displacement at the pleasure of the insuring member, and the particular certificate in question, as well as the ordinances of the Royal Arcanum Society, which were part of it, expressly permitted Mr. Yocum to displace his daughter as the payee of the policy in favor of some one else. She, therefore, neither acquired nor held a vested interest during his life by virtue of the certificate. She took nothing in possession, for the enjoyment of the fund could only be hers when he died; and, in case she survived him, she took nothing in interest, for the certificate did not give her a present right to the future possession of the fund, but only the chance of that right contingent on her father not naming some other person as payee."

The last case seems entirely analogous with the one before us, and in the opinion from which we have quoted the court distinctly refers with approval to the case of the Casualty Company v. Kacer by the Supreme Court, supra, distinguishing the two cases upon the ground that in the Supreme Court case the interest of Florence Yocum was a vested one, the policies of insurance in that case being in the ordinary form of accident policies without reservation of right in the insured to change the beneficiary and without other provision regulating the disposition of the proceeds in event of the death of the beneficiary prior to or simultaneous with the insured.

The case of Fuller v. Lindzee, 135 Massachusetts, 468, was a case in which the husband's life was insured for the benefit of his wife, Ann J. Fuller. The policy provided that in event of the wife's death before the death of the husband, then the amount of the insurance should be payable to their children. Mr. Fuller and his said wife and children were all lost at sea, and there was no evidence as to which of the parties, if any, survived the others. In a contest between the surviving next of kin of Mrs. Ann J. Fuller and the administrator of the estate and surviving next of kin of the husband, it was in substance held by the Supreme Judicial Court of Massachusetts that the policy of insurance conferred upon Mrs. Fuller no vested interest, and that the burden was upon her representatives to show that she survived her husband, without proof of which her next of kin inherited nothing.

So, in the case of Hildebrant v. Ames, 27 Texas Civil Appeals, 377,

66 Southwestern Reporter, 131, which in all essential features seems to be very similar to the one before us, our Court of Appeals for the first district held that no vested interest was conferred upon the beneficiary named by the issuance of the certificate of insurance, and that in a suit for the proceeds the burden was upon the legal representatives of the beneficiary to show that she survived her husband, failing in which no right of recovery was shown, and the fund was therefore decreed to the legal representatives of the insured. In that case the proceeds of the policy was treated as rather in the nature of a trust fund which, upon failure of the trust, should revert to the estate of its creator. ·

So also our Supreme Court in the case of the Screwmen's Benevolent Association v. Whitridge, Guardian, 95 Texas, 539, 4 Texas Court Reporter, 1002, in effect held that the burden was upon one claiming through the beneficiary named in a benefit certificate to show that the beneficiary survived the insured, it appearing that both lost their lives in the same storm without proof as to which survived.

These cases by our own courts and from the St. Louis Court of Appeals, which we approve, lead irresistibly, we think, to the conclusion that in this case the burden of proof is upon those claiming through Helen M. Males to show that she survived her husband, and that having failed in such proof, and there likewise being no proof of survivorship of the children, that the death benefit involved should go where the by-laws of the association place it, to wit, in the father and mother of Oliver M. Males as the next surviving kin in the order named in the by-laws. As found by the court, the object of the order in issuing the certificate of insurance involved was, among other things, to provide a fund for the benefit of a particular class of persons, to wit, the wife, children, parents, brothers, sisters, or other blood relations, or to persons dependent on the member of the order to whom a policy or certificate of insurance should be issued; and it was specially provided that in event of the death of the named beneficiary at or prior to the death of the member, the policy should be paid to the next living blood relation of the member in the order named. The evident object of these provisions is that the benefits of the insurance feature of the order shall be confined to persons occupying sacred relations to its members; and members taking out and keeping in force certificates of insurance manifest a like purpose; this also evidently accords with legislative design as indicated by our statutory enactments relating to associations of the character of the Woodmen of the World. See Gen. Laws 1899, p. 195, secs. 1, 2. It is to be particularly noticed that such purpose excludes from insurance benefits the creditors, heirs, or legal representatives of the beneficiary named. Considering the by-laws and circumstances as a whole, it can scarcely be doubted that it more clearly accords with the objects of the order and the purposes of Oliver M. Males in taking out the policy that in the contingency shown in this case to have happened, the fund involved should be given to his parents rather than to the creditors or heirs of his wife, to whom the fund must im-

mediately go if the wife's legal representatives recover. We therefore hold, the burden of proof being upon the legal representatives of H. M. Males to show that she survived her husband, that the fund in the registry of the court should be disposed of in accordance with the by-laws of the order and the manifest spirit and purpose of the person who secured such fund.

We know of no authority, and none has been cited, for an allowance of attorney fees to the impleading party, and this part of the judgment is also disapproved.

It follows that appellants should be decreed the fund in controversy, and the judgment below is accordingly reversed and here rendered for appellants, directing that the clerk of the District Court of Tarrant County for the Seventeenth Judicial District of Texas pay over to them $1500 deposited in the registry of that court for distribution between the contending parties under the beneficiary certificate issued to Oliver M. Males.

*Reversed and rendered.*