**SHERMAN v. ROE.**

No. 4922.

Court of Civil Appeals of Texas.
El Paso.

March 4, 1953.

Rehearing Denied April 8, 1953.

Second Rehearing Denied April 29, 1953.

George M. Kelton, Odessa, for appellant.

William R. Barnes and Mike R. Mason, both Odessa, for appellee.

McGILL, Justice.

The only question involved in this appeal is whether the Administrator of the Estate of the deceased wife or the Administrator of the Estate of the deceased husband, the insured, is entitled to the proceeds of a group insurance policy covering the life of the husband, where both husband and wife perished in a common disaster—an airplane accident—and it is admittedly impossible to ascertain which died first. Trial was to the Court without a jury, and the court held that all such proceeds were payable to the Administrator of the Estate of the husband. Appellant, the Administrator of the Estate of the wife, has presented two points: First, that he was entitled to all the proceeds because the wife was named beneficiary in the policy; and Second, he was entitled to at least one-half of the proceeds because they were community property, some of the premiums having been paid with community funds.

The case was tried on an agreed statement of facts, from which it appears that the group accidental death and dismemberment policy in question, No. 14DD, was issued by the John Hancock Mutual Life Insurance Company to the Shaffer Tool Works of Brea, California, on May 26, 1931, and the Insurance Company issued its certificate No. 372 to James Roe specifically insuring him at Odessa, Texas, on July 12, 1940; at all times James Roe was an employee of the Shaffer Tool Works. The certificate named Wanda Roe, wife, as beneficiary, but the right to change beneficiary was reserved to the insured. The beneficiary in Certificate 372 was changed by endorsement thereon to Edna I. Roe, wife, on September 29, 1947, and was not subsequently changed prior to the death of both parties. The insurance company admitted its liability for nine thousand dollars, under the policy and certificate, and it interpleaded the respective administrators and asked and was allowed $300 as attorneys fees, and was discharged. No question is raised as to this allowance. The accident which took the lives of both husband and wife occurred on June 4, 1951, in Chavez County, New Mexico; it is unknown to the parties whether James Roe and Edna I. Roe died instantly, at the same moment, or whether one survived the other, and if one did survive the other, whether James Roe survived Edna I. Roe, or Edna I. Roe survived James Roe for any length of time. Edna I. Roe had been the wife of James Roe since December 17, 1946. Edna I. Roe was designated as beneficiary under the terms of Certificate No. 372, as hereinafter appears; there were no children born to James Roe and Edna I. Roe; the amount of premium contributions paid for Certificate No. 372 from the date of its issuance July 12, 1940, to December 17, 1946, the date of the marriage of James Roe and Edna I. Roe was $42.15, and the amount of premium contributions paid for Certificate No. 372 by James Roe from December 17, 1946 to June 4, 1951 was $50.10; the employer of James Roe, Shaffer Tool Works, to whom the group insurance policy was issued, paid no premiums for Certificate No. 372; James Roe, the employee, paid all such premiums; at the time of the death of James Roe Certificate No. 372 had no cash surrender value.

A copy of the group policy No. 14-DD and of Certificate No. 372 is attached to the insurance company's bill of interpleader. From these it appears that the wording of the beneficiary clause is a little different in the policy than in the certificate. We quote the policy:

"Payment will be made to the insured employee except that any sum becoming due on account of the death of said employee shall be payable to the beneficiary or beneficiaries designated by him, if living, or to such other beneficiary as may be finally substituted under the conditions hereof, but if no beneficiary be then living, payment will be made to the executors or administrators of the insured."

The certificate:

"Indemnity for loss of life of the Employee is payable to the beneficiary if surviving the Employee, and otherwise to the estate of the Employee; all other indemnities under this policy are payable to the Employee."

If there is any substantial difference in the wording we think the language of the certificate controls, since it was issued after the policy and relates specifically to the insurance of James Roe. We shall therefore consider only the language of the certificate.

We think the questions presented have been definitely settled by the decisions of the Supreme Court of this State, and that appellant's ingenious attempt to distinguish this case by "Refined Subtleties" is without merit.

■■ The insured having reserved the right to change the beneficiary, the beneficiary had no vested right in the certificate or its proceeds. Volunteer State Life Insurance Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105, loc. cit. 107, 168 A.L.R. 337. The certificate provides that indemnity for loss of life:

"* * * is payable to the beneficiary (the wife) *if surviving the employee, otherwise* to the estate of the employee." (Emphasis ours.)

Therefore, under the very terms of the certificate it was necessary for the administrator of the wife's estate to show that the beneficiary named (the wife) did survive the insured (the husband) otherwise the alternate provision came into effect and the named beneficiary was the estate of the husband. This was in effect the holding in Hildebrandt v. Ames, 27 Tex.Civ.App. 377, 66 S.W. 128 (wr. ref.), in which it was also held that the burden was upon the plaintiff to make out a prima facie case and that he had not done so by showing the issuance of the policy to the deceased "payable to his wife * * * *if living*; if not living, to the insured's executors, administrators, or assigns." (Emphasis ours.)

In Males v. Sovereign Camp Woodmen of the World, 30 Tex.Civ.App. 184, 70 S.W.

108, 109 (no writ history), the court quoted from Hildebrandt v. Ames:

"The common law * * * refused to indulge in any presumption either of survivorship or of the simultaneous death of persons who perish in a common disaster, and applied to this class of cases the general rule that courts will not change the existing status or possession of property except upon adequate proof of facts authorizing such change."

This holding is in accord with the general common law rule. See Paden v. Briscoe, 81 Tex. 563, 17 S.W. 42; Cooke v. Caswell, 81 Tex. 678, 17 S.W. 385 (Com.App., opinion approved); Cyclopedia of Insurance Law, Couch, Vol. 2, p. 1016, Sec. 341; 5 A.L.R. p. 798, II; 113 A.L.R. p. 881. Therefore, appellant did not establish a cause of action, since he failed to prove that the wife survived the husband and under the terms of the certificate the estate of the husband was the beneficiary.

■ Appellant's second point has also been settled adversely to his contentions by decisions of the Supreme Court. There is no intimation in the agreed statement of facts that the husband used funds of the community to pay premiums for the certificate in question with the intention to defraud his wife. Indeed, the most ample evidence to the contrary has all the while existed and been open to appellant's inspection. It is found in the certificate itself, which names the wife as beneficiary if surviving the husband. The fact that it also provides that otherwise the estate of the husband shall be the beneficiary does not in any way indicate a fraudulent intent on the part of the husband. In Martin v. McAllister, 94 Tex. 567, loc. cit. 570, 63 S.W. 624, 625, 56 L.R.A. 585, the court said:

"* * * our statute specially provides that the husband shall have the sole right of control of the community property, and it has been uniformly held that such control cannot be interfered with, unless it is exercised in fraud of the rights of the wife."

Nor were the proceeds of the policy which were payable to the estate of the husband community property, since it was not shown that the wife survived. . In the cited case the court also said:

"The money derived from the policy on the life of Mrs. Martin was not acquired during the marriage, but was received by the husband after her death, in pursuance of a contract of insurance made during her life, and belonged to Thomas P. Martin in his separate right. Mullins .v. Thompson, 51 Tex. 7; Succession .of Kugler, 23 La.Ann. 455; Succession of Hearing, 26 La.Ann., 326; Succession of Clark, 27 La.Ann. [269] 270; Succession of Bofenschen, 29 La.Ann. 711; Chapin v. Fellowes; 36 Conn., 132; Evans v. Opperman, 76 Texas, 293, 13 .S.W. 312. * * * The right to the proceeds of the policy, whether upon the life of the wife in favor of the husband, or upon the life of the husband in favor of the wife, rests upon the same principle, which is that the proceeds of the policy belong to the person named as payee, and it becomes property upon the contingency of the death of the insured in the lifetime of the payee. Therefore, as it could not become the property of the husband or the wife during the lifetime of both of them, it cannot be held to be community property, and. is therefore the separate property of the one to whom it is made payable."

This case was cited and quoted in Volunteer State Insurance Co. v. Hardin, supra, and so far as we know has never been overruled or questioned. It settles appellant's second point.

The judgment is affirmed.

Affirmed.

On Appellant's Second Motion for a Rehearing and Appellee's Motion to Withdraw Opinions on Appellant's First Motion for Rehearing.

PRICE, Chief Justice.

This case is before us on appellant's second motion for a rehearing and appellee's motion that the opinion of the court on appellant's original motion for rehearing be withdrawn, and that appellant's motion for a rehearing be overruled.

We still adhere to the view expressed in the opinion written by Associate Justice FRASER on appellant's motion for a re-hearing that the only question before the trial court under the bill of interpleader and the respective responses of appellant and appellee was as to whether the Administrator of the Estate of James Roe, Deceased, or the Administrator of the Estate of Edna I. Roe, Deceased, was entitled to administer the fund paid into court by the interpleader. This is the only question disposed of by the judgment. Had the proceeds of the policy been the separate property of Edna Roe, deceased, at the time of her death, of course her administrator would have been entitled thereto. Had the property been the community property of James Roe, deceased, then his administrator would be entitled to administer same, regardless of whether the property was his separate property or was community property. The judgment did authoritatively determine that the property was not the separate property of Edna I. Roe, deceased.

The case of Hildebrandt v. Ames, 27 Tex. Civ.App. 377, 66 S.W. 128, (writ of error denied) is deemed in many respects analogous to the instant case. In that case the Court of Civil Appeals affirmed the judgment in the case as to the proceeds of an insurance policy between the administrator of the husband and the administrator of the wife, in which it was held that the administrator of the husband had the right to collect the proceeds of a policy payable about as the policy in the instant case, where the husband and wife perished in a common disaster, but this judgment by its terms was without prejudice to the heirs of the wife to assert that same was community property. It is not deemed within the jurisdiction of this court to determine when, if ever, or where, the heirs of Edna I. Roe have a right to assert that the proceeds of this policy were community property. Therefore, we deem it proper that the opinion of Associate Justice Alan R. FRASER on the motion for re-hearing be

withdrawn and this opinion substituted therefor, and the concurring opinion of Associate Justice Joseph McGILL on motion for re-hearing be withdrawn likewise.

It is accordingly ordered that appellant's second motion for a re-hearing be in all things overruled, and appellee's motion be granted to the extent that the opinion on the motion for re-hearing be withdrawn, but the foregoing opinion be substituted therefor.