## J. C. JOSEPH v. F. CANNON & Co.
### No. 1318.

**1. Practice on Appeal—Findings of Fact—Presumption.**

Where there is no statement of facts in the record, the trial court's findings of fact are conclusively presumed to have been based upon sufficient evidence.

**2. Sale of Goods for Cash—Payment—Title.**

Where the seller, without any agreement for credit, fills an order for goods and ships them to the buyer, accompanied by a bill and invoice showing the terms to be cash, the sale is not complete until payment is made, and the consignee does not acquire title by receiving the goods without payment, nor would a subsequent deed of trust by him for the benefit of creditors convey the title to the trustee.

APPEAL from Milam. Tried below before Hon. JNO. N. HENDERSON.

*Hefley & Anthony,* for appellant.

*Henderson & Streetman,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellees against appellant and a firm of S. & L. Lyons, of Cameron, Texas, for the value of certain bagging and ties of the value $690. Judgment was rendered for plaintiffs, and defendant J. C. Joseph has appealed.

The suit grew out of the following facts as shown by the findings of fact by the court below:

S. & L. Lyons, of Cameron, Texas, merchants, on the 4th of August, 1891, ordered by letter from Ullman, Lewis & Co., of Galveston, the bagging and ties. Ullman & Lewis not having the goods, turned the order over to F. Cannon & Co., of Galveston, with request to fill the same for S. & L. Lyons & Co., they acting as brokers in the transaction. A short time before the letter was written, the agent of Lyons was in Galveston and had an understanding with Ullman, Lewis & Co. that if Lyons & Co. should need the bagging and ties, Ullman & Lewis would furnish them on 30 days' credit. Of this plaintiff had no notice. On the 18th of August, 1891, after the order was placed in their hands, Cannon & Co. filled the order and shipped the goods to the Lyons firm on the cars f. o. b.; sent them an invoice showing the price to be $690, and endorsed cash on the face of the bill, the invoice showing a direct sale by plaintiffs to S. & L. Lyons. On the 10th of August preceding the shipment, plaintiffs wrote S. & L. Lyons that the order had been received through Ullman, Lewis & Co. and would be filled. The goods were received by Lyons at Cameron on the 19th of August, 1891, they paying the freight. On the 27th of August, 1891, plaintiffs wrote the Lyons firm: "We beg to call your attention to invoice bagging and ties of 8/18 for $690, open on our books, and would respectfully ask for remittance to cover." The letter was received August 28th. The next day S. & L. Lyons wrote Ullman, Lewis & Co. in regard to cash payment for

the goods: "We received bill and also letter to Cannon & Co. in regard to cash payment for B. and ties. Our Mr. S. Lyons, when making arrangements for the same with your Mr. Markland, bought them on 30 days. Please see C. & Co. and oblige."

On the 29th of August, the same day the letter was written, Lyons & Co. executed trust deed to secure certain creditors, and placed Joseph in charge on same day. Neither plaintiffs nor Ullman, Lewis & Co. were provided for in the deed of trust. August 14th, Cannon & Co. telegraphed Lyons that the goods had been sold them for cash, and "that they either demanded the money or the goods."

After finding the foregoing facts and stating the issues between the parties, the court below finds on the contention of plaintiff that the goods were sold for cash and were not paid for, and so no title passed:

1. "That the goods were sold and shipped by plaintiffs with the proposition and understanding that they were sold for cash. The bill accompanying the goods so stated, and defendants Lyons were informed at the time goods were received both by whom they were sold and the terms of the sale.

2. That the goods were not paid for by S. & L. Lyons, but were turned over by them on the 29th of August, 1891, to J. C. Joseph under their deed of trust of that date, and were appropriated by defendants to their own use, and said goods were worth as much as charged, and defendants have never paid plaintiffs or anyone else therefor; that Joseph stands with reference to said goods in the same relation that S. & L. Lyons stand, he not being a purchaser for value. * * * Demand for restoration of the goods after refusal to comply by defendants was promptly made of all defendants and they refused to turn them over.

3. A sale is a mutual agreement constituted by an offer to sell on terms by one side, and an acceptance by the other, and the acceptance must be responsive to the very terms stated in the offer.

4. If one of the terms stated is for cash, and that is a condition precedent, that must be complied with before title is vested in the vendee, and it makes no difference in such case if the goods have been delivered or possession obtained by the vendee, the condition must be complied with before the title vests.

5. I find in this case that the sale of the goods was by plaintiffs and for cash, that the payment for the same was a condition precedent, that is, plaintiffs' offer to sell was of that character.

6. When defendants S. & L. Lyons received the goods and found that Ullman & Lewis were not selling the goods, and were not the owners of same, but that plaintiffs were the owners and proposed selling them for cash, they could have refused to take the goods, but if they elected to take them, it must have been upon the terms offered, and it was their duty to have made cash payment for them, and by their failure to do so, and by their conduct in reference to said goods, they made a conversion of same but did not divest title out of plaintiffs. And defendants Lyons are liable to plaintiffs for $690, the value of said goods, and judgment is

awarded against them for said sum, and defendant Joseph is liable for the sum of $414, the value of the goods found in his hands on September 3, 1891, and judgment is rendered accordingly, said sums to bear interest at 6 per cent."

There is no statement of facts in the record. In such case the findings of fact by the court below are conclusive. The presumption would be that the court heard testimony sufficient to warrant the conclusions of fact ascertained. Paden v. Briscoe, 81 Texas, 563.

The lower court's conclusions of law upon the facts found, that there was no sale of the goods to the Lyons firm, and that no title passed because they failed to comply with the terms of the sale by paying cash, are correct. No title vested in them by their receiving the goods, nor did their trustee, Joseph, acquire any title thereto. The terms of the sale were not agreed on and complied with by defendants Lyons and consequently no title vested in them as consignee. Title does not vest in the consignee of goods if the terms of the sale are not agreed on. Saunders v. Mills, 21 Texas, 563.

The judgment of the court below is affirmed.

*Affirmed.*