## GIBSON v. NATIONAL LIFE & ACCIDENT INS. CO.  (No. 9945.)

Court of Civil Appeals of Texas. Dallas.
April 16, 1927.

Rehearing Denied May 14, 1927.

1. Insurance ⬦114—Insured can take out insurance payable to whomsoever he will, though beneficiary has no insurable interest in his life.

Since insured has an insurable interest in his own life, he may take out insurance payable to whomsoever he will, though the beneficiary has no insurable interest in his life.

2. Insurance ⬦668(1)—Whether insured, not having access to policies, by notice to insurer's agent, changed beneficiary from wife to his mother, held for jury.

Where right of insured to change beneficiaries of life and accident policies was absolute, whether notice by him to insurer's agent that he desired his mother should get the money on policies payable to insured's wife as beneficiary was notice to insurer of change in beneficiary, where policies were in possession of nonresident beneficiary named therein and inaccessible to insured, held, under evidence, for jury.

3. Courts ⬦19—Insurer could protect itself by interpleader suit, regardless of nonresidence of one claimant to fund.

Where insurer was notified after death of insured and before settlement with beneficiary named in policy that mother of insured claimed proceeds of policy through change in beneficiaries, insurer could have protected itself by bringing conflicting claimants together in interpleader suit, regardless of their residence.

Appeal from Dallas County Court; Payne L. Bush, Judge.

Action by Hattie Gibson against the National Life & Accident Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

White and Yarborough, of Dallas, for appellant.

Read, Lowrance & Bates, of Dallas, for appellee.

LOONEY, J. This suit was instituted by Hattie Gibson, mother of Grover Gibson, the insured, to recover on two policies in the aggregate sum of $320, issued by the National Life & Accident Insurance Company of Nashville, Tenn., on the life of Grover, payable on his death to Airillar Gibson, desig-

nated in the application for the insurance as the wife of the insured.

Plaintiff's alleged grounds of recovery were: First, that Airillar was not the wife of Grover and had no insurable interest in his life, that plaintiff was the heir at law of the insured and entitled to the proceeds of the policies. Second, that before his death Grover changed the beneficiary, appointing plaintiff in lieu of Airillar, of which fact defendant had notice prior to the death of Grover and prior to any settlement made with Airillar.

Defendant answered by a general denial, and specially pleaded that it had, in accordance with the terms of the policies, made full settlement with the beneficiary, and hence had fully discharged its obligation under the contracts. At the conclusion of the evidence, on motion of defendant, the court directed a verdict in its favor, and, from the judgment rendered in accordance therewith, plaintiff appealed.

The policies in question contained, among others, the following provision:

"The production by this company of this policy and of a receipt for the sum insured signed by the beneficiary * * * shall be conclusive evidence that such sum has been paid and that all claims under this policy have been fully satisfied."

The evidence showed that the company had, in conformity to the above provision, made settlement with Airillar Gibson, the person named as beneficiary.

The contention of appellant that Airillar Gibson was not the wife of Grover and had no insurable interest in his life, and therefore was not entitled to collect the proceeds of the policies on his death is not in our opinion tenable. This is an immaterial issue as the case is presented for our consideration.

[1] The law forbids, from considerations of public policy, any person to insure the life of another unless he has some interest in the life of such person; yet the courts uniformly hold that, as a person has an insurable interest in his own life, he may take out insurance payable to whomsoever he will, and in such case it is not necessary to the validity of the insurance contract that the beneficiary should have an insurable interest in the life of the insured.

It follows from this doctrine that Grover Gibson could, as he did, take out policies payable to Airillar, and it was not necessary to their validity that Airillar was his wife or had an insurable interest in his life.

[2] The company contracted to pay the proceeds of the policies on the death of Grover Gibson to the beneficiary named, and was not concerned as to the disposition the law might ultimately make of the fund on an adjudication of the rights of the conflicting claimants.

If Airillar was not in fact the wife of Grover and had no insurable interest in his life,

she will hold the proceeds of the policies as trustee for the benefit of those legally entitled to the same, but, unless restrained from paying the money to her by an appropriate proceeding instituted for that purpose, the company was justified in paying her the proceeds, and such settlement discharged its responsibility, unless, as is contended by appellant the insured had in fact changed the beneficiary and appointed her in lieu of Airillar. Pacific Mutual Life Ins. Co. v. Wallace, 79 Tex. 633, 637, 15 S. W. 478; Cheeves v. Anders, 87 Tex. 287, 292, 28 S. W. 274, 47 Am. St. Rep. 107.

The issue as to whether or not Grover changed the beneficiary from Airillar to his mother was a controverted one, but in our opinion the evidence was sufficient to require its submission to the jury.

Two witnesses testified that during his last sickness Grover Gibson, the insured, told Mr. Pomerici, defendant's collecting agent, in effect, that it was his desire that his mother, Hattie Gibson, should get the money on the policies when he died, and wanted her to have everything. The evidence is to the effect that the agent acquiesced in the suggestion, saying his mother would get the proceeds. The record also shows that Hattie Gibson paid all premiums due on these policies weekly to Mr. Pomerici and constantly spoke to him in regard to the matter; the agent assuring her that she would get the proceeds of the policies if she continued to pay the premiums.

It was further shown that, after the death of insured and before defendant settled with Airillar, plaintiff, through her attorney, demanded of the defendant payment to her of the proceeds of the policies.

The right of insured to change the beneficiary was absolute, and, when exercised, had the force of a direction to the company which in law it could not disobey.

The right of Airillar, the beneficiary in the policies, was inchoate, a mere expectancy, that rested altogether in the will of Grover Gibson, and such right as she had could not become vested until the death of Grover without the beneficiary having been changed.

The only interest the insurer had in the particular matter was to be informed and to know who was entitled to the proceeds of the policies, in order to avoid litigation with conflicting claimants. In the instant case, appellant sought to accomplish this result by the following provision contained in the policies: "The beneficiary hereunder may be changed by the insured by the consent of the Company indorsed hereon." But, as held by our Supreme Court in Splawn v. Chew, 60 Tex. 532, the method provided in the contract is not to be considered as exclusive of all other methods of accomplishing the same result. American Natl. Ins. Co. v. Wallace (Tex. Civ. App.) 210 S. W. 859, 861.

Appellee insists that it was not shown that the request of Grover was ever communicated to the executive officers of the company, nor that the policies were delivered to the company, and the change of beneficiary indorsed thereon as required by the policies.

Evidently the policies were in the possession of Airillar, who at the time resided in the state of Arkansas, and it was not practicable under the circumstances for either Grover or Hattie Gibson to obtain their possession. The company is a nonresident corporation, with its domicile at Nashville, Tenn., where its executive officers reside. They were practically inaccessible to the insured. The only representative of the company reasonably accessible to insured was the collecting agent, who made weekly collections, and to whom, according to the evidence for plaintiff, the desire of insured to change the beneficiary was communicated, and who repeatedly promised Hattie Gibson that she would get the proceeds of the policies on the death of Grover. McDonald v. Equitable Life Assurance Co., 185 Iowa, 1008, 169 N. W. 352–355. In addition to this, it reasonably appears that, after the death of Grover and before any settlement was made with Airillar, demand was made on the company by the attorney for Hattie Gibson for payment of the proceeds of the policies under her claim of ownership.

Hence we conclude that, if appellant's contention as to the facts on this issue is found to be true, the provision of the policy with reference to the right of insured to change the beneficiary was in all material respects complied with, the company had notice of the change, could have protected itself against adverse claimants, and, under the circumstances, made settlement with Airillar at its peril.

[3] It is contended, however, that, as Airillar resided in the state of Arkansas, there was no way for appellee to protect itself by bringing the conflicting claimants together in an interpleader suit, so the court could determine the rights of the parties. We cannot accept this view of the matter. Appellant could have brought the proceeds of the policies into court; the parties could have been interpleaded and required to assert and litigate their conflicting claims, to the fund. Such an action would have been one quasi in rem, involving specific property, and involving the parties only as an incident to their claim to the property; hence the residence of the parties was immaterial.

We overrule appellant's contentions, except as to the issue raised in regard to the change of beneficiary, and for the determination of that issue the case will be reversed and remanded.

Reversed and remanded.