## HOWARD et al. v. HOWARD et al.

### No. 5853.

Court of Civil Appeals of Texas. Texarkana.

Dec. 18, 1941.

Rehearing Denied Jan. 8, 1942.

Edward A. Brown, of Longview, for appellants.

White & Flock and Warren McDonald, all of Tyler, and Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

JOHNSON, Chief Justice.

The United Fidelity Life Insurance Company, Dallas, Texas, in acceptance of his application theretofore made, issued to Eugene Chester Howard on February 9, 1933, an ordinary life insurance policy, promising in consideration of the payment by insured of $55.64 and the further payment of said sum annually or in semi-annual or quarterly payments in advance during the life of the insured, to pay the beneficiary therein designated, or thereafter to be designated, by the insured, the sum of $2,000 upon the death of insured while the policy was in full force and effect, less any loan or unpaid premiums. Lora Mae Howard, wife of the insured, was the beneficiary first named in the policy. The contract expressly provided: "14. Change of Beneficiary. At any time while this policy is in force, the Insured, subject to the rights and interests, if any, outstanding in any assignee of this policy of which the Company has been given notice as elsewhere herein provided, may change the beneficiary herein and designate a new beneficiary by formal instrument duly witnessed or acknowledged and lodged with the Company at its Home Office. Such change shall take effect and all interest of the former beneficiary shall cease when the change of beneficiary has been endorsed on the policy by the Company, and not before."

March 9, 1939, Lora Mae Howard died intestate. November 1, 1939, the insured borrowed from the company $160 on the policy, which was the full amount of its cash and/or loan value. December 3, 1939, insured married Martis Marie Howard. January 19, 1940, in the manner provided in the policy, insured changed the beneficiary from Lora Mae Howard to Martis Marie Howard. The change of beneficiary was duly endorsed on the policy by the company and the policy returned to insured January 26, 1940. May 12, 1940, the insured died intestate, and while the policy was in full force, subject to two unpaid quarterly premiums and the above-mentioned loan and interest thereon, totaling $191.56, leaving a balance of $1,808.44 due by the company. After the death of the insured the company was notified by W. W. Howard and Chester Howard (children and sole heirs of Lora Mae Howard) that they were claiming the proceeds of the policy adversely to Martis Marie Howard, and the company withheld payment pending adjudication of such conflicting claims. Whereupon this suit was filed by Martis Marie Howard, the beneficiary named in the policy at the time of insured's death, claiming the proceeds thereof as such beneficiary. The company answered and filed a bill of interpleader, admitting liability and tendering the amount due into the registry of the court. W. W. and Chester Howard answered in the suit, claiming the proceeds upon two alleged grounds hereafter stated, and designating their answer as a plea of intervention and themselves as intervenors. Trial of the case to a jury re-

sulted in a directed verdict and judgment for plaintiff, Martis Marie Howard. Intervenors have appealed.

The four propositions under which appellants assert that the trial court erred in directing a verdict for appellee present two alleged theories as grounds for appellants' claim that they are entitled to recover proceeds of the policy accruing upon the death of insured. There does not appear to be any material dispute in the testimony.

Under propositions 1 and 2, appellants contend that since the annual premiums paid by the insured to keep the policy in force to the date of the death of Lora Mae Howard had been paid out of community funds belonging to the insured and Lora Mae Howard, she thereby acquired an irrevocable vested interest in one-half of the proceeds to be derived from the policy upon death of the insured, and that upon the death of said Lora Mae Howard such one-half interest descended to appellants as her sole heirs, therefore the change of beneficiary of the policy after the death of Lora Mae Howard was, as to such one-half interest in such proceeds, ineffective and void. The contention is not sustained. There is not shown, in pleading or proof, any agreement between the original beneficiary and the insured, or any other facts, which would supersede, or estop the insured from exercising, the right expressly reserved in the policy to change the beneficiary at his will. The fact alone that the annual premiums were paid by the insured out of community funds did not vest in Lora Mae Howard or her heirs an indefeasible right to one-half of the proceeds accruing upon the death of the insured; nor did such fact legally prevent the insured from exercising his power reserved in the contract to designate a new beneficiary, as he did after the death of Lora Mae Howard. Splawn v. Chew, 60 Tex. 532; Fuos v. Dietrich, Tex.Civ.App., 101 S.W. 291; Richardson v. Faithful, Tex. Civ.App., 289 S.W. 1054; Farracy v. Perry, Tex.Civ.App., 12 S.W.2d 651, writ refused; Gibson v. National Life & Accident Ins. Co., Tex.Civ.App., 294 S.W. 923, affirmed Tex. Com.App., 1 S.W.2d 583; 24 T.J. 773, Sec. 73; II Couch on Insurance, 821, Sec. 308.

Under their third and fourth propositions appellants present the alleged contention, in substance, that at the time of her death, Lora Mae Howard and insured were possessed of community estate, free from debt; that the one-half interest in such community property inherited by appellants

from their mother, Lora Mae Howard, was retained by insured without ever having accounted therefor to appellants, and that the reasonable value of such one-half interest in such property exceeded $2,000; that Insured was thus indebted to appellants, and was insolvent at the time he changed the beneficiary of the policy and at the time of his death; therefore, the change of beneficiary was ineffective and void as being a fraud upon appellants as creditors of the insured. The contention is not sustained. The facts stated in the contention are correct, except that there is no evidence showing that insured was insolvent at the time he made the change designating his second wife, Martis Marie Howard, the beneficiary; nor is there any evidence tending to show a fraudulent intent on the part of the insured. At the time insured designated his second wife as beneficiary the cash and/or loan value of the policy had been exhausted by the loan previously made. The policy therefore had no property value that could be subjected to a creditor's claim. The change of beneficiary took no indefeasible right away from, nor did it operate as a fraud upon, insured's creditors. II Couch on Insurance, 1124, Sec. 385.

The judgment of the trial court is affirmed.