VOLUNTEER STATE LIFE INSURANCE COMPANY ET AL V.
HAL WHITE HARDIN ET AL.

No. A-910. Decided November 6, 1946.
(197 S. W., 2d Series, 105.)

*Hattie L. Henenberg,* Guardian ad litem of minor grandson Frederick Duncan Hardin, *Donaldson, Bullard & Kucera,* of Dal-

las, *Goldsmith & Bagby* and *Chester M. Fulton,* all of Austin, for petitioner.

Dr. Hardin, the insured, having been the manager of the community estate of himself and his wife at the time the insurance policies were issued, and having reserved the right to change the beneficiaries therein at any time prior to his death, it was error for the Court of Civil Appeals to refuse to hold that respondent was not entitled to recover any of the proceeds of the policies, in the absence of a showing of an intent on the part of the insured to defraud his wife, the mother of respondent. Locke v. Locke, 143 S. W. (2d) 637; Martin v. McAllister, 94 Texas 567, 63 S. W. 624; Rowlett v. Mitchell, 114 S. W. 845.

*Lively, Dougherty & Alexander,* of Dallas, for respondent.

Since the policies of insurance were purchased during the marriage of Dr. Hardin and his wife, and all the premiums thereon were paid out of the community funds and the policies were payable to her at the time of her death, the court of civil appeals correctly held that said policies and the cash surrender value thereof belonged to the community estate at the time of her death, and that Dr. Hardin, by changing the beneficiaries in the policies, after her death, could not give away or otherwise dispose of the .interest of their son and heir in said policies. Womack v. Womack, 141 Texas 299, 172 S. W. (2d) 307; Blackmon, Tax Col., v. Hansen, 140 Texas 536, 169 S. W. (2d) 962; Burham v. Hardy Oil Co., 108 Texas 555, 195 S. W. 1139.

MR. JUSTICE ALEXANDER delivered the opinion of the Court.

In this suit Hal White Hardin asserts the right to share in the proceeds of two life insurance policies issued on the life of his father and payable to third parties, on the ground that community funds belonging to his father and mother, one-half of which he inherited as sole heir of his mother's estate, were used in part in paying the premiums on the policies.

Dr. Abell D. Hardin and Pearl White Hardin were married in 1912. In 1915 he took out a life insurance policy on his own life, payable to his estate, and in 1925 he took out another policy on his own life, payable primarily to his. father and mother. Each policy contained the usual provisions authorizing the insured to change the beneficiary at will and to exercise all the rights, privileges, and options therein contained without

the consent or joinder of the beneficiary. In 1933 the insured cause his wife to be named as primary beneficiary and his son, Hal White Hardin, as secondary beneficiary in each of the policies. His wife died intestate on September 30, 1940, leaving their son, Hal White Hardin, as her sole heir. Up to that time all premiums paid on the policies had been paid out of community funds of Dr. Hardin and his wife. Each policy contained the usual table of cash surrender values to be paid under stipulated conditions upon surrender of the policy by the insured prior to his death. At the time of Mrs. Hardin's death the two policies had a total cash surrender value of $3,296.72. On September 3, 1943, Dr. Hardin caused his sisters, Hallie Hardin and Idessa Hardin, to be named as primary beneficiaries in the two policies. The trial court found that there was no evidence that Dr. Hardin was insolvent nor that he had been guilty of any fraud against his wife in connection with these insurance policies. Dr. Hardin died on May 10, 1944, leaving a will in which his son, Hal White Hardin, was named as one of the joint executors, but the record does not disclose the amount of his estate nor who were the beneficiaries thereof. After Dr. Hardin's death Hal White Hardin asserted a right to share in the proceeds of the two policies to the extent of one-half of the cash surrender value of the policies as of the date of the death of his mother. The beneficiaries named in the policies claimed the whole of the proceeds of the policies. The insurance company tendered the proceeds of the policies in court and requested the court to determine to whom they belonged.

The trial court found that Hal White Hardin was not entitled to recover any part of the funds, but the Court of Civil Appeals reversed the judgment and held that he was entitled to recover the proceeds of the policies to the extent of one-half of the cash surrender value of the two policies as of the date of his mother's death. 193 S. W. (2d) 554.

■ In the case of Womack v. Womack, 141 Texas 299, 172 S. W. (2d) 307, this Court had before it a case involving three policies on the life of the husband payable to the wife and one policy on the life of the wife payable to the husband. Each policy authorized the insured to change the beneficiary and provided for certain cash surrender values upon surrender of the policy during the life of the insured. All premiums had been paid out of community funds. The parties had been divorced and were seeking partition of their community property. This Court held that the cash surrender value of these policies constituted com-

munity property to be taken into consideration in the partition of the community assets.

We need not determine whether, upon dissolution of the marital relation by the death of the wife, Hal White Hardin as her heir would have had a similar right to have the cash surrender value of these policies taken into consideration in a partition of the community estate, for even if he would have had such a right the result in this case would be the same.

■ It has been definitely settled in this State that where there is no intention on the part of the husband to defraud the wife, the proceeds of a policy on the life of the husband vest in the beneficiary named in the policy upon the death of the insured, even though the policy was taken out by the husband during coverture and the premiums were paid out of community funds. Martin v. McAllister, 94 Texas 567, 63 S. W. 624, 56 L. R. A. 585; San Jacinto Building, Inc. v. Brown (Civ. App.), 79 S. W. (2d) 164 (writ refused); 24 Tex. Jur. 1172; Davis v. Magnolia Petroleum Co., 134 Texas 201, 134 S. W. (2d) 1042. In the case of Martin v. McAllister, supra, this Court said:

"It is contended by the defendant in error that the husband could not appropriate the community funds to his own use in the purchase of this contract without the consent of his wife, but our statute specially provides that the husband shall have the sole right of control of the community property and it has been uniformly held that such control can not be interfered with, unless it is exercised in fraud of the rights of the wife. Rev. Stats., art. 2968; Stramler v. Coe, 15 Texas, 216. We see no ground in the facts of this case to impeach the action of the husband as fraudulent towards his wife. The right to the proceeds of the policy, whether upon the life of the wife in favor of the husband or upon the life of the husband in favor of the wife, rests upon the same principle, which is that the proceeds of the policy belong to the person named as payee, and it becomes property upon the contingency of the death of the insured in the lifetime of the payee. Therefore, as it could not become the property of the husband or the wife during the lifetime of both of them, it can not be held to be community property, and is therefore the separate property of the one to whom it is made payable." 94 Texas 567, 570.

■ It is also well settled that where the insured reserves the right to change the beneficiary in the policy, the beneficiary therein obtains no vested interest in the proceeds of the policy

prior to the death of the insured. The insured may change the beneficiary at will and thereby divest a prior beneficiary of all interest in the proceeds of the policy. Splawn v. Chew, 60 Texas 532; Howard v. Howard, (Civ. App.), 158 S. W. (2d) 591 (writ refused); Fuos v. Diethrich (Civ. App.), 101 S. W. 291; Richardson v. Faithful (Civ. App.), 289 S. W. 1054; Farracy v. Perry (Civ. App.), 12 S. W. (2d) 651 (writ refused); Gibson v. National Life & Accident Ins. Co. (Civ. App.), 294 S. W. 923, affirmed Tex. Com. App., 1 S. W. (2d) 583; 24 Tex. Jur., 773, Sec. 73; II Couch on Insurance, 821, Sec. 308.

■ It follows that neither Mrs. Hardin nor the community estate acquired any vested interest in the proceeds of these policies, as distinguished from their cash surrender value, and that Dr. Hardin, the insured, had the right after the death of his wife to change the beneficiaries in the policies as authorized by the terms of the policies, and upon his death the proceeds of the policies became the exclusive property of the beneficiaries named therein at that time. In the case of Howard v. Howard, supra, the Court of Civil Appeals so held, and this Court refused a writ of error. Consequently Hal White Hardin owns no part of the insurance payable under the policies here under consideration.

■ Whatever right, if any, Hal White Hardin had to share in the cash surrender value of these policies existed only against his father upon a partition of the community estate. The right to demand the cash surrender value of the policies lapsed by the terms of the contract upon the death of the insured. San Jacinto Building, Inc. v. Brown (Civ. App.), 79 S. W. (2d) 164, par. 4 (writ refused). It did not pass into the hands of the beneficiaries named in the policies, and consequently Hal White Hardin is not entitled to recover a part of the proceeds of the policies on the theory that property belonging to him has passed into the hand sof the beneficiaries.

We need not consider what right, if any, Hal White Hardin would have had to have the court fix an equitable lien in his behalf upon the proceeds of the policies for any interest that he may have had in the cash surrender value thereof if he had brought suit for partition of the community estate and there had not been sufficient other community assets to compensate him therefor, for he does not show that he sought partition of the community estate nor does he show that he has not received his full share of the estate.

■ Since the contract for insurance was lawfully made by the husband as the manager of the community estate, the community estate was not entitled to be reimbursed for the community funds lawfully used in paying the premiums on the policies. Rowlett v. Mitchell (Civ. App.), 114 S. W. 845; Whiteselle v. Northwestern Mutual Life Ins. (Com. App.), 221 S. W. 575. (The case last cited was overruled in Womack v. Womack, supra, but not on the point for which it is here cited.) Therefore Hal White Hardin as the heir to his mother's share of the community estate is not entitled to be reimbursed for any part of the funds so used.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered November 6, 1946.

Associate Justice Smedley concurs in the result.