Margie McCALLISTER et al., Appellants,

v.

SOUTHWESTERN LIFE INSURANCE COMPANY, Appellee.

No. 7124.

Court of Civil Appeals of Texas.

Texarkana.

March 24, 1959.

Rehearing Denied April 21, 1959.

Kenneth R. King, Tyler, for appellant.

James P. Swift, Dallas, Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, for appellee.

DAVIS, Justice.

This is an appeal from a judgment of the trial court sustaining the plea in abatement based upon plea of res judicata by defendant-appellee, Southwestern Life Insurance Company, in response to a suit by plaintiff-appellants, Margie McCallister, et al., being the beneficiaries and surviving heirs of the beneficiaries named in four insurance policies hereafter set out that had been issued by appellee Insurance Company to Willis C. McCallister, hereinafter referred to as the insured.

On the following dates appellee issued to the insured the following policies of insurance: July 1, 1927, policy No. 184433 in the sum of $3,000; August 5, 1928, policies No. 210962, No. 210963, and No. 210964 in the sums of $3,000, $1,000, and $4,000. In each of said policies the children of the insured were named beneficiaries. The surviving children of the insured and the children of the deceased children of the insured are the plaintiffs-appellants in this case. The policies provided for premium waiver in case of total disability, and during the period of total disability. They also provided for a payment of 1% benefit of the face amount of said policies for total disability of the insured during the period of such disability should the insured become totally disabled prior to attaining the age of 60 years.

After the four policies were issued, the insured made claim to appellee for total disability benefits. About February 24, 1930, appellee commenced paying to the insured disability benefits according to the terms of the policies and continued such payments through the first day of July, 1933. On or about August 12, 1933, appellee entered into a settlement agreement with the insured for and in consideration of the sum of $2,500 cash and a 294½-acre farm in Wood County, Texas, settling all claims both as to mortality and disability benefits under the terms of the policies and the policies were cancelled. On June 14, 1937, the insured filed suit in the District Court of Van Zandt County, Texas, against appellee to set aside the settlement agreement on the alleged ground that the insured was unable to enter into a contract, and for disability benefits. The suit was transferred upon a plea of privilege by appellee to a District Court in Dallas County and was dismissed for want of prosecution on January 13, 1940. On May 2, 1940, the insured filed an application for bill of review and reinstatement of the last-mentioned suit against appellee in the same district court; and on the same date a judgment was entered which recites that the insured appeared in person with his attorney, along with the appellee and announced ready for trial. It was then announced in open court that the plaintiff-insured had agreed to accept from defendant-appellee the sum of $250 in cash in full and final settlement of all of his and their claims and demands set forth in the bill of review involving the same identical policies that are involved in this suit. In that case the trial court found that on August 12, 1933, the settlement agreement hereinbefore mentioned was entered into in writing and that appellee had paid to the insured the sum of $2,500 in cash and had deeded to plaintiff a certain 294½-acre farm in Wood County, Texas, and that such payment was made in full and final settlement of all claims, both for mortality pay-

ments and disability benefits under said policies and all claims of any other character which the insured might have against appellee; and, that such settlement was fair and reasonable and was not procured by fraud. The court further found that the insured was sane and fully capable of entering into a binding contract and that under the circumstances the sum of $250 then paid to the insured and his attorney by appellee was fair, just and reasonable and sufficient settlement of all the claims asserted in the bill of review, and that said sum of money was accepted by them in full and final settlement of all claims on said insurance policies and all claims of any and all other kinds which the insured may have or may have had against appellee. Then it was ordered, adjudged and decreed that the bill of review be denied and that the insured take nothing against the appellee other than the $250 cash theretofore paid by appellee to the insured and his attorney; that the judgment of dismissal entered in said case on January 13, 1940, be not set aside but be affirmed as a permanent and final judgment with prejudice to the insured. And, it was further ordered, adjudged and decreed that said insurance policies hereinabove described that had been issued to the insured by appellee "be, and the same are hereby annulled and cancelled and of no further force and effect, either as to disability benefits or as to any mortality claims which could arise on the death of the plaintiff or for any other reason." The judgment was personally approved by the insured and his attorney, as well as by the attorneys of the appellee in this case.

The insured in the aforementioned policies died in Wood County, Texas, on January 29, 1958.

Appellee based its plea of res judicata upon the judgment of the District Court of Dallas County dated May 2, 1940, which plea was sustained by the trial court, and the suit was dismissed; hence the appeal.

Appellants bring forward four points of error in which they contend that the trial court erred in sustaining the plea of res judicata because: (1) The real beneficiaries of the mortality provision of the policies could not be deprived of their interest in such policies without their consent; (2) the evidence is insufficient to sustain a finding that there was privity between Willis C. McCallister and the real beneficiaries of the mortality provision of such policies; (3) the thing sued for in the former suit was not identical to the things sued for in the case at bar; and (4) the cause of action in the former suit is not identical to the cause of action at bar. Appellants base their argument upon the theory that this is a suit for mortality benefits alone, which were not and could not be adjudicated or compromised away by the insured on the theory that when they were named beneficiaries in the policies their interests became vested. The policies contained a provision whereby the insured reserved to himself the right to change the beneficiaries and to alone exercise all rights with respect to the policies. Under such provisions, the beneficiaries did not have any right that could not be changed or cancelled by the action of the insured alone prior to his death. This is the sole question in this lawsuit. The policies having been surrendered and cancelled by a settlement agreement and by judgment of a court of competent jurisdiction during the life of the insured, the beneficiaries never acquired any interest in the policies whatever. Aetna Life Ins. Co. v. Dodd, 8 Cir., 103 F.2d 793; Morgan v. Penn. Mutual Life Ins. Co., 8 Cir., 94 F.2d 129; Volunteer State Life Ins. Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105, 168 A.L.R. 337; Hutcherson v. Sovereign Camp, Woodmen of the World, 112 Tex. 551, 251 S.W. 491; Blackman v. Praetorians, Tex.Civ.App., 256 S.W.2d 990, wr. ref., n. r. e.; 3 Appleman Insurance Law & Practice, 355 Sec. 1753; 45 C.J.S. Insurance § 1107, p. 1347–1349.

The appellants in this case occupy the same position as would the insured were he living. In the case of Dobbs v. Order of United Commercial Travelers of Amer-

ica, Tex.Civ.App., 241 S.W. 191, wr. dis., is directly in point. At most, the issue that goes to the foundation and existence of any cause of action the appellants might have had, was finally disposed of in the former suit and such issue cannot again be litigated in this suit regardless of what form they contend it takes. Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Connellee v. Magnolia Petroleum Co., Tex.Civ.App., 54 S.W.2d 577, wr. ref.

Appellants' points of error are over ruled.

The judgment of the trial court is affirmed.