Charles R. SMITH, Appellant,

v.

Nathan J. CAMPBELL, Appellee.

No. 3751.

Court of Civil Appeals of Texas.

Eastland.

Oct. 12, 1962.

Brooks & Fergus, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Scarborough, Black & Tarpley, Abillene, for appellee.

COLLINGS, Justice.

This is a summary judgment case. Charles R. Smith brought suit against Nathan J. Campbell, who was doing business as Mission Motors, for alleged breach of an oral ninety day warranty in connection with the purchase of a Mobile Home trailer house, seeking judgment against the defendant in the sum of $3,796.96. By amended pleadings plaintiff alleged that "by mutual mistake or accident" a written agreement was executed by the parties expressly excluding the existence of warranties as agreed upon by the parties and further that the defendant fraudulently and falsely represented to plaintiff that such warranty existed and would be fulfilled; that such representation was material and was relied upon by plaintiff to his damage.

The defendant Campbell answered by a general denial and filed a third party petition against DeRose Industries, Inc., alleged

to be the manufacturer of the trailer house in question. Campbell also filed a motion for summary judgment and upon hearing thereof the motion was granted. Summary judgment was entered for the defendant Campbell and the cross defendant DeRose Industries, Inc. Charles R. Smith has appealed.

Appellee Campbell's motion for summary judgment was verified and filed on April 17, 1962. It had attached thereto and as a part thereof, Exhibit A, the original chattel mortgage, stated to have been executed by Smith. Appellee Campbell stated, under oath, that there were no material contested issues between the parties; that it was undisputed that no written warranty existed; that the full terms of any and all agreements between the parties are fully set out in the attached chattel mortgage executed by Charles R. Smith and his wife Telka B. Smith; that Paragraph Number 5 of said chattel mortgage provides that "this mortgage constitutes the entire agreement between the parties and no waivers or modifications shall be valid unless in writing and attached hereto, and the property described above has been accepted by mortgagor without warranties express or implied unless written thereon." Appellee further stated under oath that no waivers or modifications in writing have been attached to said chattel mortgage and that there have been no warranties express or implied written thereon. Appellant filed no counter affidavit or other evidence in opposition to appellee's motion for summary judgment.

Appellant presents one point of error in which it is urged that the court erred in rendering a summary judgment against him in view of the fact that under his pleadings and the motion for summary judgment there was a genuine dispute of fact to be resolved. Appellant's contention, as we understand it, is that under his pleading of mutual mistake or accident and under his pleading of fraud, that even though the chattel mortgage and the verified motion of appellee for summary judgment expressly deny the existence of any warranty, nevertheless, under his pleadings, extrinsic evidence is admissible to show the terms of the real agreement between the parties and that this presents a genuine fact issue to be decided by the court, and that the court therefore erred in entering summary judgment against him. Assuming, without deciding that appellant's pleadings do raise the issue of fraud we still cannot agree with his contention.

Appellee's motion for summary judgment was supported by sworn statements which, if true, entitled him to summary judgment, in the absence of fraud as alleged by Smith. Contrary to appellant's contention, mere pleadings do not show a genuine issue of fact as contemplated by Rule 166–A(f). Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948. Such a showing must be made "by depositions, admissions, affidavits or like proofs." 29 T.L.R. 688. In Schepps v. American District Telegraph Company of Texas, Tex.Civ.App., 286 S.W.2d 684 (no writ history), it was held that when a party moves for summary judgment, issues raised merely by his opponent's pleadings do not prevent summary judgment; that fact issues must be shown by depositions, admissions, affidavits or like proofs, and when the motion is supported by evidence sufficient on its face to establish facts which, if proven at trial would entitle movement to an instructed verdict the other party must present, in opposition thereto, admissions, affidavits or other sworn proof which will raise an issue as to the existence of other material facts which would require a different disposition of the case, or justify his failure to do so. Also see Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236 (N.R. E.); Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364.

The judgment of the trial court is affirmed.