Jessie Lee ALEXANDER, Appellant,

v.

Thelma Paldo ALEXANDER, Appellee.

No. 14898.

Court of Civil Appeals of Texas.

Houston.

Nov. 3, 1966.

On Rehearing Dec. 8, 1966.

Jim Brannon, Houston, Alvin M. Rosenthal, Houston, of counsel, for appellant.

Zorn, Girardeau & Lawlis, Joseph R. Zorn, Monte D. Lawlis, Baytown, for appellee.

WERLEIN, Justice.

This suit was brought by Jessie Lee Alexander to recover the proceeds of two insurance policies, one in the sum of $6,000.00 issued in June, 1965 by American General Insurance Company, and the other in the sum of $600.00 issued in April, 1965 by Washington National Insurance Company. In both policies Robert Alexander, who died on August 23, 1965, was the insured and Thelma Paldo Alexander was designated as beneficiary. The insurance companies impleaded Thelma Paldo Alexander who sought to recover the proceeds of said pol-

icies as the named and designated beneficiary therein. The insurance companies paid into the registry of the District Court the proceeds of their respective policies, and are no longer involved in the suit. Upon motion of Thelma Paldo Alexander, the court rendered summary judgment in her favor, from which Jessie Lee Alexander appeals.

In her unsworn amended petition appellant asserts that she entered into a ceremonial marriage with the deceased, Robert Alexander, on December 28, 1955, and that such marriage had never been dissolved. It was appellee's contention that she had lived with the said Robert Alexander for many years prior to his death, and that she was entitled to the proceeds of said policies as his common law wife or putative wife. Appellee also pled that she was entitled to the proceeds of said policies because she was named and designated as the beneficiary in both policies which were taken out during the same year that the said Robert Alexander died.

In her affidavit, which is in proper form, in support of her motion for summary judgment, appellee stated that she had lived with deceased either as his common law wife or as his putative wife for approximately eight years. She also described the policies in question, and showed that she was the designated beneficiary in both policies.

■ The law is well settled that the summary judgment granted by the trial court must be upheld if it can be supported on either of the grounds relied upon by appellee for recovery. Bishop v. Bishop, Tex. Sup.1962, 359 S.W.2d 869. It is our view that the summary judgment was properly granted by the trial court since appellee in her pleading and affidavit and motion for summary judgment established that there was no fact issue with respect to her being the named and designated beneficiary in both policies. Appellant does not deny such fact. Under Article 3.49-1, Section 1, of the Insurance Code of Texas, V.A.T.S., it is provided in substance that any person of

legal age may apply for insurance on his life in any legal reserve or mutual assessment life insurance company and in such application designate in writing any person as a beneficiary of any policy or policies issued in connection with such application and that with respect to any such policy or policies any such beneficiary so designated shall at all times thereafter have an insurable interest in the life of such person.

Appellee by her affidavit made out a case for summary judgment in her favor and hence was entitled to the proceeds of the policies in the absence of a showing by appellant that the action of the husband was fraudulent toward his wife. Volunteer State Life Ins. Co. v. Hardin, 1946, 145 Tex. 245, 197 S.W.2d 105. In the instant case appellant's amended pleading upon which hearing was had and her answer to appellee's motion for summary judgment were unsworn, and appellant filed no affidavit of any kind nor did she introduce any evidence of any kind to raise any fact issue. In Kuper v. Schmidt, 1960, 161 Tex. 189, 338 S.W.2d 948, the Court said:

"When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. See Gulf, Colorado & Santa Fe Railway Co. v. McBride [159 Tex. 442], 322 S.W.2d 492."

See also Smith v. Campbell, Tex.Civ.App. 1962, 361 S.W.2d 462.

Judgment affirmed.

## On Motion for Rehearing

 Since handing down the foregoing opinion, we have found by our own research the case of Brown v. Lee, Tex.Sup. 1963, 371 S.W.2d 694, which was not cited by either party in this suit, and which indicates that the legal theory of title to insurance proceeds as expressed in Volunteer State Life Ins. Co. v. Hardin, 1946, 145 Tex. 245, 197 S.W.2d 105, 168 A.L.R. 337, and Warthan v. Haynes, 155 Tex. 413, 288 S.W. 2d 481, has been altered by virtue of the amendment in 1957 to Article 23(1), Vernon's Annotated Texas Statutes, enlarging the statutory definition of "property" so that it now includes "insurance policies and the effects thereof". In Brown v. Lee, the Supreme Court holds that where the policy is purchased with community funds such property is in the nature of a chose in action which matures at the death of the insured, and that the proceeds at maturity of the policy are community in character, except where the named beneficiary is in fact surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured.

 Appellant alleged in her amended pleading that the giving of the proceeds of said policies to appellee would result in a fraud upon appellant and that the naming of appellee as beneficiary in such policies was a legal fraud upon appellant. Appellant also pleaded that the estate of Robert Alexander, Deceased, is insolvent, and that appellant is wholly without funds. In the absence of any exception to such pleading, it is our view that appellant's pleading is sufficient to raise a genuine issue of material fact as to whether the gift to appellee was fraudulent as to appellant. Appellee's affidavit is insufficient to establish that she was in fact the putative wife of the deceased. There is nothing to show that the policies were purchased other than with community funds.

Rehearing granted. Reversed and remanded.