**MILITARY HIGHWAY WATER SUPPLY CORP., et al, Appellants,**

v.

**Daniel BOONE, Chief Appraiser of Hidalgo County Appraisal District, Appellee.**

No. 13–84–270–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 7, 1985.

Aida S. Flores, McAllen, Donald W. Allee, Edinburg, Barry Evan Jones, Mercedes, Leo Montalvo, McAllen, Jack Bishop, Austin and Neal King, Mission, for appellants.

Richard S. Talbert, Weslaco, for appellee.

Before KENNEDY, UTTER and KEITH, JJ.

### OPINION

KENNEDY, Justice.

This is a summary judgment case. Appellant is a corporation organized under the Texas Non-Profit Corporation Act. Appellee is the Chief Appraiser of the Hidalgo County Appraisal District. On appellee's motion for summary judgment, appellant was denied an exemption from the payment of property taxes for the year 1983. We affirm.

Appellant was incorporated in 1971, under TEX.REV.CIV.STAT.ANN art. 1434a (Vernon 1980)[1] and TEX.REV.CIV. STAT.ANN art. 1396–1.01 et seq. (Vernon 1980).[2]

Appellant's request for an exemption from property taxes under TEX.TAX CODE ANN. § 11.18 (Vernon 1982)[3] was granted by a decision of the Hidalgo County Appraisal Review Board. Appellee filed this suit to overturn this decision. Appellee filed a motion for summary judgment alleging that appellee was entitled to judgment as a matter of law because Military Highway Water Supply Water Corporation was not organized exclusively for the charitable purposes of acquiring, storing, transporting, selling or distributing water for public use as required by TEX.TAX CODE ANN. § 11.18(c)(1). This motion was granted. Appellant, by its point of error, asserts that there is a genuine issue of material fact to be determined at the trial on the merits.

In a motion for summary judgment, the burden of proof that there is no genuine issue of material fact is on the movant, and all doubts as to the existence of a fact issue will be resolved against the movant. *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33 (Tex.1983).

The statute, under which appellant claims his tax exemption, provides in relevant part:

(a) An organization that qualifies as a charitable organization as provided by Subsection (c) of this section is entitled to an exemption from taxation of the buildings and tangible personal property that:

(1) are owned by the charitable organization; and

---

**1.** Public Utilities—Water supply or sewer service corporations.

**2.** Texas Non-Profit Corporation Act.

**3.** This statute was amended effective January 1, 1984. *See* TEX.TAX CODE ANN § 11.18 (Vernon Supp.1984).

(2) except as permitted by Subsection (b) of this section, are used exclusively by qualified charitable organizations.

(b) Use of exempt property by persons who are not charitable organizations qualified as provided by Subsection (c) of this section does not result in the loss of an exemption authorized by this section if the use is incidental to use by qualified charitable organizations and limited to activities that benefit the beneficiaries of the charitable organizations that own or use the property.

(c) To qualify as a charitable organization for the purposes of this section, an organization (whether operated by an individual, as a corporation, or as an association) must:

(1) be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsection (d) of this section, engage exclusively in performing one or more of the following charitable functions:

\* \* \* \* \* \*

(G) acquiring, storing, transporting, selling, or distributing water for public use;

\* \* \* \* \* \*

(2) be operated in a way that does not result in accrual of distributable profits, realization of private excess of a reasonable allowance for salary or other compensation for services rendered, or realization of any other form of private gain and, if the organization performs one or more of the charitable functions specified by Paragraph (C), (D), (E), (F), (G), (J), (K) or (M) of Subdivision (1) of this subsection, be organized as a nonprofit organization as defined by Act; and

(3) by charter, bylaw, or other regulation adopted by the organization to govern its affairs:

(A) pledge its assets for use in performing the organization's charitable functions; and

(B) direct that on discontinuance of the organization by dissolution or otherwise the assets are to be transferred to this state or to an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1954, as amended.

(d) Performance of noncharitable functions by a charitable organization that owns or uses exempt property does not result in loss of an exemption authorized by this section if those other functions are incidental to the organization's charitable functions.

Appellee argues that, as a matter of law, appellant failed to meet the provisions of § 11.18(c)(1) in that the 1982 amendment to Appellant's Articles of Incorporation changed the "purpose" provision so as to permit activities other than those permitted by § 11.18(c)(1). We agree.

The "purpose" provision of appellant's Articles of Incorporation was amended in 1979 and again in 1982. The 1971 "purpose" provision read:

The Corporation is formed for the purpose of furnishing a water supply for general farm use and domestic purposes to individuals residing in the rural communities of southern Cameron and Hidalgo Counties, Texas, and the surrounding rural areas.

The 1979 "purpose" provision read:

The purposes for which the corporation is organized are to furnish a water supply and sewer services for individuals, towns and corporations in rural areas of Cameron and Hidalgo Conties.

The 1982 "purpose" provision reads:

The purposes for which the corporation is organized are to furnish water supply and sewer service for individuals, towns and corporations *and to provide other community services which are of benefit to the corporation's general membership.* (emphasis added)

 Both statutory and constitutional provisions purporting to grant exemptions from taxation, including § 11.18, will be given a narrow and strict construction.

*Willacy County Appraisal District v. North Alamo Water Supply Corp.* 676 S.W.2d 632, (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). When interpreting a predecessor to § 11.18, TEX.REV.CIV. STAT.ANN. art. 7150. (repealed 1979), the Texas Supreme Court said, "[to] qualify under these constitutional and statutory requirements, an institution must be one of purely public charity *in the purposes for which it is formed* and the manner and means it has adopted for the accomplishment of such purposes; ..." *Hilltop Village, Inc. v. Kerrville Independent School District,* 426 S.W.2d 943, 946 (Tex.1968). (emphasis added), *overruled on other grounds, City of McAllen v. Evangelical Lutheran Good Samaritan Society,* 530 S.W.2d 806 (Tex.1975). We find that the 1982 amendment to the appellants' Articles of Incorporation, which added the words "and to provide other community services which are of benefit to the corporation's general membership", violates the requirement of § 11.18 that the charitable organization "be organized exclusively to perform religious, charitable, scientific, literary or educational purposes ..." As phrased, the amendment permits the corporation to perform non-charitable activities. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.