## DALLAS SYMPHONY ASSOCIATION, INC., Appellant,

v.

## DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.

No. 05–84–01058–CV.

Court of Appeals of Texas, Dallas.

June 7, 1985.

Rehearing Denied Aug. 16, 1985.

George C. Chapman, James B. Harris, Dallas, for appellant.

Peter G. Smith, Dallas, for appellees.

Before SPARLING, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

On April 16, 1982, Dallas Symphony Association, Inc. ("Symphony") submitted to the Dallas County Appraisal District ("Appraisal District") an application for exemption of its property under TEX.TAX CODE ANN. § 11.18 (Vernon 1982 and Vernon Supp.1985) ("Property Tax Code"). This application was denied on the ground that the Symphony did not qualify for such exemption. The Symphony appealed to the Dallas County Appraisal Review Board ("Review Board") which affirmed the decision of the Appraisal District. The Symphony appealed to a district court, which affirmed the action of the Review Board and granted the motion for summary judgment of the Appraisal District and Review Board, appellees. The Symphony, appellant, now appeals that judgment to this court. We reverse on the ground that the summary judgment proof establishes the Symphony's exemption as a matter of law.

The Symphony is a non-profit corporation formed under the laws of the State of

Texas. The current purpose clause in its Articles of Incorporation is lengthy and appears to follow guidelines of the Internal Revenue Code provided under 26 U.S.C.A. § 501(c)(3) (West Supp.1985) ("IRC section 501(c)(3)"). Included in its purpose clause is the following language:

> The corporation is organized and shall be operated exclusively for charitable or educational purposes as defined in Section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision or provisions of any subsequent United States Internal Revenue law or laws), said Code and said law or laws being herein referred to as the "Code," and the corporation shall have as its primary purpose the promotion of musical and educational activities through the organization, management, maintenance, operation, and control of a symphony orchestra and of allied and kindred activities.

The record indicates that the Symphony is involved in numerous civic activities and is supported in part by the City of Dallas and private contributions. Section 11.18 of the Property Tax Code provides, in pertinent part, for exempting the property of charitable organizations as follows:

> (a) An organization that qualifies as a charitable organization as provided by Subsection (c) of this section is entitled to an exemption from taxation of the buildings and tangible personal property that:
>
> (1) are owned by the charitable organization; and
>
> (2) except as permitted by Subsection (b) of this section, are used exclusively by qualified charitable organizations.
>
> (b) Use of exempt property by persons who are not charitable organizations qualified as provided by Subsection (c) of this section does not result in the loss of any exemption authorized by this section if the use is incidental to use by qualified charitable organizations and limited to activities that benefit the beneficiaries of the charitable organizations that own or use the property.

> (c) To qualify as a charitable organization for the purposes of this section, an organization (whether operated by an individual, as a corporation, or as an association) must:
>
> (1) be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsection (d) of this section, engage exclusively in performing one or more of the following charitable functions:
>
> (E) promoting or operating a museum, zoo, library, theater of the dramatic arts, or *symphony orchestra* or choir;

TEX.TAX CODE ANN. § 11.18 (Vernon Supp.1985) (emphasis added).

The Symphony has qualified itself under IRC section 501(c)(3) which is a section of federal law that exempts corporations from income taxation and allows contributors to such corporations to make deductions from income in measuring adjusted gross income for federal income tax purposes. IRC section 501(c)(3) is not an authorizing statute since it does not permit the carrying on of any activities thereunder. Such authorization must be derived from the state. IRC section 501(c)(3) simply provides that if a corporation qualifies under that section it will have income tax advantages. The Appraisal District and the Review Board lay stress on the fact that IRC section 501(c)(3) provides an exemption for other activities not covered by section 11.18 of the Property Tax Code. We disagree with those interpretations and contentions.

In May, 1984, both sides filed their respective motions for summary judgment. A hearing was begun on June 6, 1984. After that hearing began, the Appraisal District and the Review Board filed an amended answer, without obtaining leave of court, attacking the above cited section of the Property Tax Code as unconstitutional. The court struck this pleading and refused to consider it on the motions for summary judgment. The trial court then granted the motion for summary judgment of the Appraisal District and the Review Board. Their motion for summary judg-

ment was based upon two grounds: (1) as a matter of law, the Symphony was not qualified for exemption of its property, and (2) as a matter of law, the Symphony was not a purely public charity as defined in TEX. CONST. art. VIII, § 2. The judgment of the trial court did not state the basis upon which it was granted. Since the trial court struck the attempt of the Appraisal District and the Review Board to attack section 11.18 of the Property Tax Code as unconstitutional, that pleading was not before the court when it granted judgment. *See Bruce v. McAdoo*, 531 S.W.2d 354, 356 (Tex.Civ.App.—El Paso 1975, no writ); *compare Brooks Fashion Stores, Inc. v. North Park National Bank*, No. 84-429 (Tex.App.—Dallas, Apr. 3, 1985, no writ) (not yet reported). We must uphold the judgment if it can be supported on either of the two grounds stated in the motion for summary judgment of the Appraisal District and the Review Board. *Alexander v. Alexander*, 410 S.W.2d 275 (Tex.Civ.App.—Houston 1966, no writ).

The Symphony presents four arguments in support of its position that the judgment of the trial court was erroneous. We shall discuss only those points which are dispositive of this appeal. In points one and three, the Symphony argues that the evidence does not conclusively establish as a matter of law that the property of the Symphony is not entitled to exemption under the Property Tax Code and that the Symphony is not a purely public charity. As to its argument that the evidence was not conclusive as to non-exemption, we agree. The Appraisal District and the Review Board filed a motion for summary judgment in the face of the Symphony's original petition, which alleges that the property of the Symphony is entitled to exemption from taxation. TEX.R.CIV.P. 166–A(c) provides that summary judgment shall be rendered if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." We must look to the evidence in support of the motion for summary judg-

ment of the Appraisal District and the Review Board to determine if they proved that no genuine issue of fact exists as to at least one element of the Symphony's cause of action alleging entitlement to the exemption and that as a matter of law they are entitled to judgment. *See Fisher v. Beach*, 671 S.W.2d 63, 65 (Tex.App.—Dallas 1984, no writ).

The Appraisal District and the Review Board correctly tell us that the Symphony must be organized exclusively to perform one or more of the charitable functions listed in section 11.18(c)(1) of the Property Tax Code. Then, they point out that the purpose clause of the Symphony refers to the Internal Revenue Code by providing "for charitable or educational purposes as defined in Section 501(c)(3) of the Internal Revenue Code." They reason from this language that the purpose is not included within the ambit of section 11.18(c)(1) of the Property Tax Code. However, the purpose clause further states that "the corporation shall have as its primary purpose the promotion of musical and educational activities through the ... control of a symphony orchestra ...." This language clearly places the Symphony under the exemption of section 11.18(c)(1)(E) of the Property Tax Code. In considering the argument presented, we find that the Appraisal District and the Review Board are misconstruing the obvious facts.

The Symphony was organized under the laws of the State of Texas. It sought federal income tax exemption by complying with the Internal Revenue Code in confining its activity to one that is "defined in Section 501(c)(3)." That definition is:

> Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, *or* educational purposes, *or* to foster national *or* international amateur sports competition ... *or* for the prevention of cruelty to children or animals ...

IRC section 501(c)(3) (emphasis added).

IRC section 501(c)(3) contains the word "or" in its wording to separate each of

those activities that are exempt from taxation. All of the activities listed in IRC section 501(c)(3) need not be performed in order to qualify for income tax exemption. If an organization is authorized under a state law to perform one of the activities defined in IRC section 501(c)(3), it will be granted income tax exemption. The federal statute says in effect that an organization is not exempt from federal income tax if it is authorized by a state statute to go beyond those activities listed in IRC section 501(c)(3).[1] This mandatory language is for purposes of complying with the Internal Revenue Code and does not expand the purpose clause in the corporation's charter under state law.

A similar question was considered in *American Concrete Institute v. Michigan State Tax Commission,* 12 Mich.App. 595, 163 N.W.2d 508, 513 (Mich.Ct.App.1968). There, a non-profit corporation sought to avoid ad valorem taxation by urging that its exemption under IRC section 501(c)(3) should give it a non-taxable status under state law. In this turn-around situation, the court held:

> The Institute's exemption from Michigan ad valorem tax is not determinable by its qualification as an organization exempt from income tax under section 501(c)(3) of the internal revenue code of 1954, but by the much more strict provisions of the Michigan general property tax act .... A reading of the language of these two provisions (Federal and State) clearly demonstrates the difference.

In *American Concrete Institute,* the applicant for property tax exemption sought to use its federal income tax exempt status to demonstrate its charitable character, but the Michigan court correctly rejected this argument, holding that the state statute controlled despite the language contained in IRC section 501(c)(3) with which the applicant had complied. In the case before us, the Appraisal District and the Review Board, taking the position of the taxpayer

in the Michigan case, contend that, because the Internal Revenue Code lists a number of other exempt activities, the Symphony's purposes are carried beyond what the state statute allows. We reject this argument on the basis that the federal statute does not permit the Symphony to do anything. A careful reading of the purpose clause of the Symphony tells us that its primary purpose is the promotion of musical and educational activities through the organization, management, maintenance, operation, and control of a symphony orchestra. We must look solely to the purpose clause to determine the purposes of the Symphony. The reference in the purpose clause to the Internal Revenue Code is in connection with the corporation being operated exclusively for "charitable or educational purposes." The purpose clause contains the words charitable or educational purposes "as defined" in Section 501(c)(3). We believe that the trouble lies in not understanding the word "defined."

The word "define" means to limit; to fix or mark the limits of; or to make distinct. Webster's New Collegiate Dictionary 295 (1981). The Appraisal District and the Review Board are using the word in an incorrect sense. For example, one can define the duties of employment simply by listing them. Since IRC section 501(c)(3) contains the word "or" in listing each element contained therein, a corporation need only have one or more of those functions in its purpose clause as listed or "defined" in that section.

Next, the Appraisal District and the Review Board refer us to *City of Amarillo v. Amarillo Lodge No. 731, A.F. & A.M.,* 488 S.W.2d 69 (Tex.1972), which concerned a fraternal organization claiming to perform some public charity. The court stated that "it is essential that the organization assume, to a material extent, that which otherwise might become the obligation or duty of the community or the state" to consti-

---

1. We note that the existence of explicit exemptions covering certain acts is evidence that Congress did not intend to grant immunity to other acts not covered by the explicit exemptions. *Midland Television Co. v. Midessa Telecasting Co.,* 617 F.2d 1141, 1145 n. 7 (5th Cir.1980), *cert. denied,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980).

tute a purely public charity. *Id.* at 71. The facts in *City of Amarillo* are distinguishable from those in the present case since that court was dealing with a non-profit, fraternal organization which had charitable functions that were not obligations of the community or the state. In the present case, the Symphony's original petition states that its functions are "recognized to have a governmental interest, which might otherwise become the obligation of the community or the state." This allegation is not sufficiently addressed by the Appraisal District and the Review Board, as we discuss below.

The Symphony also alleged that the City of Dallas has recently passed a bond issue for the purpose of funding the construction of a new symphony hall, recognizing the importance of the Symphony to the community. The Symphony has received grants from the city, state, and federal government in recognition of its benefits to the community. These allegations do not equate with a club or limited fraternal organization and, upon inquiry at oral argument, were not controverted.

The Appraisal District and the Review Board contend that, as a matter of law, the Symphony is not a purely public charity because it does not meet the three-prong test enunciated by the Supreme Court of Texas in *City of Houston v. Scottish Rite Benevolent Association*, 111 Tex. 191, 230 S.W. 978, 981 (1921):

In our opinion, the Legislature might reasonably conclude that an institution was one of 'purely public charity' where: First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefited persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state.

We take judicial notice of the fact that the City of Dallas ranks seventh in size in the nation based upon population. The needs of its citizens vary from the basic essentials, such as streets, garbage collection, and police and fire protection, to libraries, art museums, and cultural activities. The well-being and economic growth of a community benefits all its citizens. A major contributing factor to the growth of the City of Dallas is its cultural achievements, which in turn stimulates trade and commerce, and reduces unemployment.

Our review of the affidavits in support of the Symphony's motion for summary judgment further supports our conclusion that the Symphony is a purely public charity as a matter of law. In his affidavit in support of the Symphony's motion for summary judgment, the president of the Symphony states as follows:

The Symphony relies heavily on private contributions to continue its operations and is not operated in a way that results in accrual of distributable profits, realization of private gain resulting from payment of compensation in excess of a reasonable allowance for salary or other compensation for services rendered, or realization of any other form of private gain.

In her affidavit, Betty Marcus, the president of the Dallas Park and Recreation Board, states that it is necessary for the City to have a Symphony and explains why it benefits all of the citizens of Dallas. Mrs. Marcus concludes with the statement that, "[i]f private support for the Symphony did not exist, operation of the Symphony should become the obligation or the duty of the City of Dallas." The Appraisal District and the Review Board concede in their motion for summary judgment that the Symphony has complied with the first two prongs of the three prong test, but then contend that it has not met the third prong, to-wit: if the Symphony ceases conducting the Dallas Symphony Orchestra, it will not become an obligation of the City of Dallas or of the State of Texas. We disagree. Their statement is unsupported. The summary-judgment evidence does not reflect that the Appraisal District and the Review Board have responded to the Symphony's motion for summary judgment with a sufficient denial of the facts contained in the Symphony's affidavits in support of its mo-

tion. We hold that the Symphony established that it is a purely public charity as a matter of law.

The Appraisal District and the Review Board argue that the concluding language of the purpose clause of the Symphony, "and of allied and kindred activities," permits other purposes. These words relate to the stated purpose of the Symphony. The word "allied" means connected or closely associated with; "kindred" means related or of the same nature or character. Webster's New Collegiate Dictionary 30, 629 (1981). Thus, this language does not add other purposes.

The court below did not err in striking the amended answer of the Appraisal District and the Review Board regarding the issue of the constitutionality of section 11.-18 of the Property Tax Code. *See Leche v. Stautz*, 386 S.W.2d 872, 873 (Tex.Civ.App. —Austin 1965, writ ref'd n.r.e.). We find nothing in the motion for summary judgment of the Appraisal District and the Review Board which states grounds upon which we could consider whether the legislature passed an unconstitutional act. Therefore, we do not address the question of whether section 11.18 of the Property Tax Code is unconstitutional. TEX.R. CIV.P. 166–A(c). However, the argument is made that where section 11.18 of the Property Tax Code bestows a tax exemption on property that does not meet the "purely public charity" test under the constitution, it would be unconstitutional as applied. This is a vague assertion since property does not meet a test. The organization that owns the property must meet the test. Since we have held that the Symphony is a purely public charity, we hold that the Property Tax Code is being applied constitutionally. TEX. CONST. art. VIII, § 2(a).

In its last point of error, the Symphony argues that the court erred in denying its motion for summary judgment because the record establishes as a matter of law that all of the criteria of section 11.18 of the Property Tax Code had been met and, therefore, its property was entitled to ex-

emption from ad valorem taxation. With respect to the Symphony's motion for summary judgment, we note that the Appraisal District and the Review Board have filed a response to that motion denying that there is any probative evidence to support a conclusion that the Symphony is exempt from property taxes under section 11.18 of the Property Tax Code. Taking the pertinent language of section 11.18(c) of the Property Tax Code as it applies to the Symphony, this summary succinctly recites the requirements for the Symphony to be exempt: "To qualify as a charitable organization for the purposes of this section, an organization ... *must:* (1) *be organized* exclusively to perform ... charitable ... literary, or educational purposes and ... *engage* exclusively in ... (E) promoting or operating a ... symphony orchestra." TEX.TAX CODE ANN. § 11.18 (Vernon Supp.1985) (emphasis added).

We now direct our attention to the words we have underscored which tell us that the Symphony must be *organized* in a certain way and must *engage* in a certain activity. We have already held that the Symphony was organized properly under the statute; however, we must now determine if the Appraisal District and the Review Board are correct in their contentions that there was no probative evidence in the record to demonstrate that the Symphony actually *engaged* exclusively in promoting or operating a symphony orchestra.

One of the affidavits supporting the Symphony's motion for summary judgment states that "the Symphony sponsors and engages exclusively in promoting and operating the Dallas Symphony Orchestra." This uncontroverted affidavit states a fact that, if true, would establish the tax exemption as a matter of law. The Appraisal District and the Review Board complain that the affidavit is not sufficient to prove what the affidavit purports to say, but we find no summary-judgment evidence denying that the Symphony did in fact engage in the activity it says it did in its affidavit. The affidavit as a whole presents evidence which is "clear, positive and direct, other-

wise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166–A(c); *see Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980); *Hunsucker v. Omega Industries*, 659 S.W.2d 692, 697 (Tex.App.—Dallas 1983, no writ).

If the Appraisal District and the Review Board had denied the application of the Symphony for tax exemption based upon reliable findings that the Symphony did not *engage* exclusively in promoting the symphony orchestra, those findings should have been presented in the form of controverting affidavits. The Appraisal District and the Review Board appear to have relied on the premise that the Symphony was not *organized* properly under the exemption statute. They have focused their argument on what the Symphony has the power to do rather than what it does. We find that section 11.18 of the Property Tax Code has its own two-prong test: (1) whether the entity is properly organized under the statute; and (2) whether it is engaging in the activity or activities prescribed in the statute. We find that the Symphony has met this two-prong test and that its property is exempt under section 11.18 of the Property Tax Code as a matter of law.

In a final argument, the Appraisal District and the Review Board further support their contention that the purpose clause of the Symphony is too broad by citing *Military Highway Water Supply Corp. v. Boone*, 688 S.W.2d 648 (Tex.App.—Corpus Christi, 1985, no writ). In this recent case, a water supply corporation amended the purpose clause in its charter to read that "the purposes for which the corporation is organized are to furnish water supply and sewer service for individuals, towns and corporations *and.to provide other community services which are of benefit to the corporation's general membership.*" *Id.*, at 650.

The language emphasized by the Corpus Christi Court of Appeals clearly distinguishes that case from the one before us. In *Military Highway Water Supply Corp.*, the court held that the "benefit to the corporation's general membership" language went beyond section 11.18(c)(1) of the Property Tax Code and, thus, the corporation was no longer one of purely public charity. In the Symphony's charter, the purpose clause provides that "the corporation shall have as its primary purpose the promotion of musical and educational activities through the organization, management, maintenance, operation, and control of a symphony orchestra and of allied and kindred activities." There is no language in that purpose clause to permit the benefiting of members of the Symphony.

Accordingly, we reverse the judgment of the trial court and render judgment for the Symphony. Costs are taxed against the Appraisal District and the Review Board.

WHITHAM, J., concurring.

WHITHAM, Justice, concurring.

I concur in the result.